1  JIVAKA CANDAPPA, (SBN 225919)
2  46 Shattuck Square, # 15
   Berkeley, CA 94704
3  Telephone: (510) 981-1808
   Facsimile: (510) 981-1817
4

5  Attorney for Plaintiff, ONITA TUGGLES

6

7

8              UNITED STATES DISTRICT COURT

9         FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11  ONITA TUGGLES,                           )  Case No.: C 08-01914 JCS
                                             )
12                                           )
                                             )
13               Plaintiff,                  )
                                             )
14          vs.                              )  **FIRST AMENDED COMPLAINT FOR**
                                             )  **DAMAGES AND INJUNCTIVE AND**
15  CITY OF ANTIOCH; ANTIOCH POLICE          )  **DECLARATORY RELIEF**
    DEPARTMENT; JAMES HYDE, Chief of         )  **(42 U.S.C. §§ 1983, 1985, 1986, 2000d,**
16  Police, Antioch Police Department, in his )  **1437d, 3601 et seq.; Cal. Gov. Code §§**
    individual and official capacities;      )  **815.2, 815.6, 11135, 12989.1; Intentional**
17  CORPORAL STEVE BIAS, OFFICER             )  **Infliction of Emotional Distress, Negligence,**
    DESMOND BITTNER, and OFFICER             )  **Abuse of Process, Malicious Prosecution)**
18  WILLIAM DILLARD II, in their individual  )
    and official capacities; COUNTY OF       )
19  CONTRA COSTA; HOUSING AUTHORITY          )
    OF THE COUNTY OF CONTRA COSTA;           )
20  ELIZABETH CAMPBELL, KATHY                )  **DEMAND FOR JURY TRIAL**
21  GUZMAN and JOANNA RODRIGUEZ, in          )
    their individual and official capacities, )
22                                           )
                                             )
23               Defendants.                 )
                                             )
24                                           )
                                             )
25                                           )
                                             )
26                                           )
                                             )
27                                           )
                                             )
28  _____)

---

**FIRST AMENDED COMPLAINT FOR**                  *Onita Tuggles vs. City of Antioch et al.*
**DAMAGES AND INJUNCTIVE AND**                        *Case No.: C 08-01914 JCS*
**DECLARATORY RELIEF**              **-1-**

Plaintiff, ONITA TUGGLES, hereby alleges as follows:

## INTRODUCTION

1.      Plaintiff ONITA TUGGLES bring this lawsuit against the CITY OF ANTIOCH, ANTIOCH POLICE DEPARTMENT, CHIEF JAMES HYDE, CORPORAL STEVE BIAS, OFFICER DESMOND BITTNER, OFFICER WILLIAM DILLARD II, COUNTY OF CONTRA COSTA, HOUSING AUTHORITY OF THE COUNTY OF CONTRA COSTA, ELIZABETH CAMPBELL, KATHY GUZMAN and JOANNA RODRIGUEZ for violating and conspiring to violate Plaintiff's civil rights under federal and state law, for causing the termination of Plaintiff's Section 8 housing benefits voucher, for discriminating against Plaintiff on the basis of her race, and for violating legal duties owed to Plaintiff under federal and state law.  Plaintiff seeks compensatory, statutory and exemplary damages, declaratory and injunctive relief, attorney fees, and costs of suit.

## PARTIES

2.      Plaintiff ONITA TUGGLES is an African-American female who resides in the City of Antioch in the County of Contra Costa, California.  MS. TUGGLES is a recipient of rental assistance payments disbursed by Defendant HOUSING AUTHORITY OF THE COUNTY OF CONTRA COSTA under the federally financed Housing Choice Voucher Program commonly known as "Section 8" and codified under 42 U.S.C. section 1437f.  At the time of the incident, MS. TUGGLES was living in the City of Antioch with her son, Michael and daughter, Natalia.

3.      On information and belief, Defendant CITY OF ANTIOCH is a municipal corporation that owns, operates, and governs the ANTIOCH POLICE DEPARTMENT pursuant to the laws of the State of California.

4.      On information and belief, Defendant JAMES HYDE ("HYDE") is the Chief of Police for the City of Antioch.

5.      On information and belief, Defendants CORPORAL STEVE BIAS (#2187), OFFICER DESMOND BITTNER, and OFFICER WILLIAM DILLARD II (#3978) are and at all times material to this complaint were employees of Defendants CITY OF ANTIOCH

FIRST AMENDED COMPLAINT FOR
DAMAGES AND INJUNCTIVE AND
DECLARATORY RELIEF          -2-

*Onita Tuggles vs. City of Antioch et al.*
*Case No.: C 08-01914 JCS*

1    and the ANTIOCH POLICE DEPARTMENT.

2        6.    On information and belief, Defendants CITY OF ANTIOCH and the

3    ANTIOCH POLICE DEPARTMENT are and at all times material to this complaint were

4    responsible for the employment, training, supervision, and discipline of Defendants CHIEF

5    HYDE, CORPORAL STEVE BIAS, OFFICER DESMOND BITTNER, and OFFICER

6    WILLIAM DILLARD II.

7        7.    On information and belief, Defendant CORPORAL STEVE BIAS ("BIAS"),

8    sued here in his individual and official capacities, is and at all times material to this complaint

9    was duly employed, appointed and acting as a sworn peace officer of the Antioch Police

10   Department, acting under color of law to wit, under color of the statutes, ordinances,

11   regulations, policies, customs and usages of the State of California and/or the City of Antioch.

12   At all times material to this Complaint, Defendant BIAS was assigned to the ANTIOCH

13   POLICE DEPARTMENT COMMUNITY ACTION TEAM.  At all times material to this

14   complaint, Defendant BIAS acted within the scope of his employment with Defendants CITY

15   OF ANTIOCH and ANTIOCH POLICE DEPARTMENT.

16       8.    On information and belief, Defendant OFFICER DESMOND BITTNER

17   ("BITTNER"), sued here in his individual and official capacities, is and at all times material

18   to this complaint was duly employed, appointed and acting as a sworn peace officer of the

19   Antioch Police Department, acting under color of law to wit, under color of the statutes,

20   ordinances, regulations, policies, customs and usages of the State of California and/or the City

21   of Antioch.  At all times material to this Complaint, Defendant BITTNER was assigned to the

22   ANTIOCH POLICE DEPARTMENT COMMUNITY ACTION TEAM.  At all times material

23   to this complaint, Defendant BITTNER acted within the scope of his employment with

24   Defendants CITY OF ANTIOCH and ANTIOCH POLICE DEPARTMENT.

25       9.    On information and belief, Defendant OFFICER WILLIAM DILLARD II

26   ("DILLARD"), sued here in his individual and official capacities, is and at all times material

27   to this complaint was duly employed, appointed and acting as a sworn peace officer of the

28   Antioch Police Department, acting under color of law to wit, under color of the statutes,

---

**FIRST AMENDED COMPLAINT FOR**
**DAMAGES AND INJUNCTIVE AND**
**DECLARATORY RELIEF**          -3-

*Onita Tuggles vs. City of Antioch et al.*
**Case No.: C 08-01914 JCS**

1    ordinances, regulations, policies, customs and usages of the State of California and/or the City

2    of Antioch.  At all times material to this Complaint, Defendant DILLARD was assigned to the

3    ANTIOCH POLICE DEPARTMENT COMMUNITY ACTION TEAM.  At all times material

4    to this complaint, Defendant DILLARD acted within the scope of his employment with

5    Defendants CITY OF ANTIOCH and ANTIOCH POLICE DEPARTMENT.

6        10.    On information and belief, Defendant COUNTY OF CONTRA COSTA is a

7    municipal corporation that owns, operates, and governs the HOUSING AUTHORITY OF

8    THE COUNTY OF CONTRA COSTA pursuant to the laws of the State of California.

9        11.    On information and belief, Defendant HOUSING AUTHORITY OF THE

10    COUNTY OF CONTRA COSTA ("HACCC") is a public corporation under California law,

11    and responsible for providing rental subsidies to low income families, seniors and persons

12    with disabilities in the County of Contra Costa.  HACCC administers the federal Housing

13    Choice Voucher Program commonly know as Section 8.  On information and belief, HACCC

14    is responsible for approximately 9,100 Section 8 vouchers, including 1,582 in the City of

15    Antioch.

16        12.    On information and belief, Defendant ELIZABETH CAMPBELL

17    ("CAMPBELL"), sued here in her individual and official capacities, is a resident of the State

18    of California and at all times material to this complaint was the Housing Assistance Director

19    for HACCC.  At all times material to this complaint, Defendant CAMPBELL was acting

20    under color of law and as an employee of HACCC.

21        13.    On information and belief, Defendant KATHY GUZMAN ("GUZMAN"),

22    sued here in her individual and official capacities, is a resident of the State of California and at

23    all times material to this complaint was a Housing Assistant for HACCC.  At all times

24    material to this complaint, Defendant GUZMAN was acting under color of law and as an

25    employee of the HACCC.

26        14.    On information and belief, Defendant JOANNA RODRIGUEZ

27    ("RODRIGUEZ"), sued here in her individual and official capacities, is a resident of the State

28    of California and at all times material to this complaint was the Acting Housing Assistance

---

**FIRST AMENDED COMPLAINT FOR**
**DAMAGES AND INJUNCTIVE AND**
**DECLARATORY RELIEF**          **-4-**

*Onita Tuggles vs. City of Antioch et al.*
**Case No.: C 08-01914 JCS**

1  Manager, Housing Choice Voucher Administration for HACCC.  At all times material to this

2  complaint, Defendant RODRIGUEZ was acting under color of law and as an employee of

3  HACCC.

4          15.      On information and belief, Defendants COUNTY OF CONTRA COSTA and

5  HACCC were at all times material to this complaint responsible for the employment, training,

6  supervision, and discipline of Defendants RODRIGUEZ, CAMPBELL and GUZMAN.

7          16.      Plaintiff is informed and believes that each Defendant was the agent or

8  employee of each of the other Defendants, and in perpetrating the wrongful conduct detailed

9  in this complaint, acted within the scope of such agency or employment, or ratified the acts of

10  the other.

11          17.      Plaintiff is informed and believes that each of the Defendants caused, and is

12  responsible for the below-described unlawful conduct and resulting injuries in that each of the

13  Defendants participated in the unlawful conduct or acted jointly with others who did so;

14  authorized, acquiesced in or set in motion actions that led to the unlawful conduct; failed to take

15  action to prevent the unlawful conduct; failed and refused with deliberate indifference to

16  Plaintiff's rights to initiate and maintain adequate training and supervision; failed to prevent

17  further harm to Plaintiff; and/or ratified the unlawful conduct and actions by employees and

18  agents under Defendants' direction and control, including failure to take remedial action.

19                              **JURISDICTION AND VENUE**

20          18.      This Court has subject matter jurisdiction over the parties and this action

21  pursuant to 28 U.S.C. §§ 1331 and 1343.  Pursuant to 28 U.S.C. §§ 2201 and 2202, this Court

22  has jurisdiction to declare the rights of the parties and to grant all further relief deemed

23  necessary and proper.

24          19.      Pursuant to 42 U.S.C. § 1367(a), this Court has supplemental jurisdiction over

25  the state claims brought in this action, which arise from a common nucleus of operative facts

26  and from the same transactions and occurrences raised in Plaintiff's federal causes of action.

27          20.      Venue lies in United States District Court for the Northern District of

28  California pursuant to 28 U.S.C. §§ 84 and 1391 because a substantial part of the events that

---

FIRST AMENDED COMPLAINT FOR                    *Onita Tuggles vs. City of Antioch et al.*
DAMAGES AND INJUNCTIVE AND                     **Case No.: C 08-01914 JCS**
DECLARATORY RELIEF            -5-

1    gave rise to the claims alleged in this complaint arose in the County of Contra Costa and one

2    or more defendants reside in the County of Contra Costa or conduct business in the County of

3    Contra Costa.

## INTRADISTRICT ASSIGNMENT

4

5    21.    The claims alleged herein arose in the County of Contra Costa.  This action is

6    properly assigned to the Oakland or San Francisco Division of the United States District Court

7    for the Northern District of California pursuant to Civil Local Rule, 3-2(d).

## STATEMENT OF FACTS

8

9    22.    Plaintiff ONITA TUGGLES and her two children, Natalia and Michael, lived at

10   1933 Paradise Peak Court in the City of Antioch from October 2003 through April 2007.  MS.

11   TUGGLES was a participant in the federal Section 8 Housing Choice Voucher Program, which

12   was administered in the County of Contra Costa by HACCC.  Natalia and Michael were listed

13   as members of MS. TUGGLES' household.

14   23.    On or about March 15, 2007, the ANTIOCH POLICE DEPARTMENT

15   COMMUNITY ACTION TEAM began investigating Plaintiff TUGGLES and her family.  The

16   Antioch Police Department officers learned from MS. TUGGLES' property manager, Select 1

17   Realty ("Select 1"), or from personnel employed by the County of Contra Costa that MS.

18   TUGGLES was a participant in the Section 8 Housing Choice Voucher Program.

19   24.    On or about March 15, 2007, Officers DILLARD and BITTNER of the

20   ANTIOCH POLICE DEPARTMENT COMMUNITY ACTION TEAM wrote to HACCC

21   employee, Defendant JOANNA RODRIGUEZ, stating that "two authorized juveniles" living at

22   1933 Paradise Peak Court, "have been involved in recent and multiple violent assaults" in the

23   City of Antioch.  The officers' letter stated that the incidents "constitute a violation of section

24   'U' on the Family Obligations form" provided by HACCC to the ANTIOCH POLICE

25   DEPARTMENT and requested HACCC to take appropriate action.

26

27   25.    On March 28, 2007, Defendant KATHY GUZMAN, a Housing Assistant for

28   HACCC, sent MS. TUGGLES a 30-day notice advising her of HACCC'S intent to terminate

---

FIRST AMENDED COMPLAINT FOR
DAMAGES AND INJUNCTIVE AND
DECLARATORY RELIEF          -6-

*Onita Tuggles vs. City of Antioch et al.*
**Case No.: C 08-01914 JCS**

1  MS. TUGGLES' Section 8 housing benefits voucher.  Defendant GUZMAN'S letter alleged

2  that members of MS. TUGGLES' household were involved in criminal activity in violation of

3  family obligations under the Section 8 program.  Defendant GUZMAN'S letter neither

4  identified the members of MS. TUGGLES' household who were allegedly involved in criminal

5  activity nor provided any information concerning the alleged crimes said to have been

6  committed by members of her household.

7       26.    On March 28, 2007, Defendant RODRIGUEZ notified MS. TUGGLES' property

8  manager, Select 1, that HACCC would be terminating MS. TUGGLES' Section 8 housing

9  benefits voucher effective April 28, 2007, for program non-compliance and/or breach of family

10  obligations.  Defendant RODRIGUEZ further advised Select 1 that the contractual guarantee

11  provided by HACCC to the landlord/property manager would be terminated effective April 28,

12  2007.  Plaintiff is further informed and believes that officers of the ANTIOCH POLICE

13  DEPARTMENT COMMUNITY ACTION TEAM complained to Select 1 about Plaintiff's

14  family in an effort to unduly influence Select 1 to terminate Plaintiff's tenancy and evict

15  Plaintiff and her family from their residence in the City of Antioch.

16       27.    On March 30, 2007, Select 1 Realty served MS. TUGGLES with a 60-day

17  tenancy termination notice and advised her that beginning May 2007 she would be liable for the

18  full amount of her rent in the sum of $1,850 per month.

19       28.    On April 5, 2007, MS. TUGGLES wrote to Defendant RODRIGUEZ and

20  requested a pre-termination administrative hearing.  Despite MS. TUGGLES' written request

21  for a pre-termination hearing, HACCC scheduled MS. TUGGLES' hearing for May 21, 2007;

22  three weeks after her benefits under the Section 8 Housing Choice Voucher Program were

23  terminated.

24       29.    MS. TUGGLES and her children were compelled to move out of their residence

25  at 1933 Paradise Peak Court in Antioch on or about April 26, 2007, because MS. TUGGLES

26  could not afford to pay the market rate rent demanded by Select 1 consequent to HACCC'S

27  action terminating her Section 8 housing benefits voucher as of April 28, 2007.

28

---

**FIRST AMENDED COMPLAINT FOR**
**DAMAGES AND INJUNCTIVE AND**
**DECLARATORY RELIEF**    -7-

*Onita Tuggles vs. City of Antioch et al.*
**Case No.: C 08-01914 JCS**

30.     On June 11, 2007, HACCC conducted an administrative hearing to determine whether MS. TUGGLES' benefits under the Section 8 Housing Choice Voucher Program were lawfully terminated.  Defendants OFFICER BITTNER and CORPORAL BIAS testified in support of HACCC'S termination action at the administrative hearing, and disclosed and discussed information, purportedly contained in certain juvenile police reports, in violation of the relevant confidentiality provisions of the California Welfare and Institutions Code and federal law.  Defendants, however, did not provide Plaintiff with copies of the juvenile police reports that Defendants referenced, discussed and relied on to terminate Plaintiff's Section 8 housing benefits voucher.

31.     Plaintiff is informed and believes that Defendants CITY OF ANTIOCH, ANTIOCH POLICE DEPARTMENT, BITTNER, DILLARD and BIAS copied, disseminated and shared confidential juvenile records, including police reports and information contained in such reports, with Defendants CAMPBELL, RODRIGUEZ, HACCC, and COUNTY OF CONTRA COSTA in violation of state and federal law.  However, Plaintiff was not given notice and the opportunity to be heard concerning the copying and dissemination of such confidential juvenile records and information.

32.     On or about June 26, 2007, the hearing officer, Laurel Weil, issued her written opinion and rescinded HACCC'S decision to terminate MS. TUGGLES' Section 8 housing benefits voucher.  The hearing officer found that HACCC'S notice of termination did not meet federal due process requirements.

33.     The hearing officer noted that "Federal Regulations provide that the Housing Authority's termination notice must, among other things, 'contain a brief statement of the reasons for the decision.'  24 CFR 982.555(c).  The termination notice in this case did not comply with this element of due process."  The hearing officer further noted that HACCC'S termination notice did not contain a "factual statement of the incidents or incidents that the Housing Authority considered a violation of the family obligations and cause for terminating assistance" and that HACCC'S notice did "not indicate which family member committed the

---

FIRST AMENDED COMPLAINT FOR
DAMAGES AND INJUNCTIVE AND
DECLARATORY RELIEF          -8-

*Onita Tuggles vs. City of Antioch et al.*
**Case No.: C 08-01914 JCS**

1 | proscribed act, what the nature of alleged crimes or crimes was, or when the relevant acts were

2 | committed."

3 |      34.     HACCC reinstated MS. TUGGLES' Section 8 benefits in or around August

4 | 2007.

5 |      35.     Plaintiff is informed and believes that the CITY OF ANTIOCH and the

6 | ANTIOCH POLICE DEPARTMENT improperly developed, maintained, authorized, ratified or

7 | applied policies, practices, customs, usages, or procedures that intentionally discriminate against

8 | and exhibit deliberate indifference to the legal rights of African-Americans in the provision of

9 | law enforcement services.  Such discrimination includes racial profiling, unlawful home entries

10 | and searches under color of law, disparate treatment, and use of excessive force.

11 |      36.     The ANTIOCH POLICE DEPARTMENT, through its COMMUNITY ACTION

12 | TEAM, has acquired a reputation in the City of Antioch for unfairly and unlawfully targeting,

13 | profiling and discriminating against households participating in the Section 8 Housing Choice

14 | Voucher Program, and African-Americans who live in the City of Antioch.  The ANTIOCH

15 | POLICE DEPARTMENT characterizes its COMMUNITY ACTION TEAM as a specialized

16 | unit within the Community Policing Bureau that is dedicated to dealing with increasing

17 | challenges that directly affect the quality of life in the City of Antioch.  However, the

18 | ANTIOCH POLICE DEPARTMENT has used community policing and purported quality of

19 | life challenges as a pretext to racially profile Section 8 program participants and beneficiaries,

20 | and African-Americans who reside in the City of Antioch.

21 |      37.     Plaintiff is informed and believes that although 5% of the households in the City

22 | of Antioch receive housing benefits vouchers through the Section 8 program, approximately

23 | 67% of the cases opened by the COMMUNITY ACTION TEAM concerned Section 8

24 | households, and approximately 38% of the COMMUNITY ACTION TEAM'S investigations

25 | stemmed from complaints of a non-criminal nature.  Plaintiff is further informed and believes

26 | that approximately 56% of households receiving Section 8 housing benefits vouchers are

27 | African-American, and approximately 70% of the complaints made by the ANTIOCH POLICE

28 |

---

**FIRST AMENDED COMPLAINT FOR**
**DAMAGES AND INJUNCTIVE AND**
**DECLARATORY RELIEF**                    **-9-**

*Onita Tuggles vs. City of Antioch et al.*
**Case No.: C 08-01914 JCS**

DEPARTMENT COMMUNITY ACTION TEAM to HACCC concerned African-American households receiving Section 8 housing benefits vouchers.

38.    Plaintiff is informed and believes that the ANTIOCH POLICE DEPARTMENT COMMUNITY ACTION TEAM has a standard practice of contacting HACCC to determine whether a household participates in the Section 8 program.  The COMMUNITY ACTION TEAM conducts searches of homes, even when there has been no complaint of criminal activity, and African-American families are 3.9 times more likely to be subjected to a search than a White family.  And, an African-American family is 3.9 times more likely to be subjected to an investigation than a White family and 4.3 times more likely to be subjected to a non-criminal investigation.

39.    Plaintiff is informed and believes that within the Section 8 population, the ANTIOCH POLICE DEPARTMENT COMMUNITY ACTION TEAM has asked HACCC to terminate the Section 8 housing benefits vouchers of more than 75% of the Section 8 tenants it has investigated.  African-American Section 8 families have been subjected to the ANTIOCH POLICE DEPARTMENT'S termination requests at twice the rate of White Section 8 families.

40.    Plaintiff is informed and believes that approximately 75% of the police force in the City of Antioch is White, and 5% is African-American.  Plaintiff is informed and believes that of the twenty eight (28) sworn officers serving in a supervisory capacity in the Antioch Police Department only one (1) is African-American.

41.    Plaintiff is informed and believes that as a matter of custom, policy and practice, the ANTIOCH POLICE DEPARTMENT inadequately and improperly investigates complaints of police misconduct.  As a matter of custom, policy and practice, the ANTIOCH POLICE DEPARTMENT inadequately and improperly supervises and trains its police officers, including the officers identified herein, thereby failing to adequately discourage further constitutional violations on the part of its officers.  As a matter of custom, policy and practice, the CITY OF ANTIOCH and the ANTIOCH POLICE DEPARTMENT authorize and/or ratify the unlawful and discriminatory conduct and behavior of Antioch City police officers especially when such unlawful and discriminatory conduct and behavior is directed at African-American citizens.

FIRST AMENDED COMPLAINT FOR
DAMAGES AND INJUNCTIVE AND
DECLARATORY RELIEF          -10-

*Onita Tuggles vs. City of Antioch et al.*
**Case No.: C 08-01914 JCS**

42.    Plaintiff timely filed her notices of Government Claim against the County of Contra Costa and City of Antioch.  The County of Contra Costa and City of Antioch rejected Plaintiff's claims.

### STATEMENT OF DAMAGES

43.    As a direct and proximate result of Defendants' acts and omissions, Plaintiff sustained pain and suffering, emotional distress, loss of security, loss of housing benefits voucher, out-of-pocket expenses, and attorney fees.

44.    Defendants are liable for Plaintiff's injuries and damages pursuant to 42 U.S.C. sections 1983, 1985, 1986, 2000d, 1437d(q), and 3604(b); and California Government Code sections 815.2, 815.6, 820, 820.8, 11135, 12955(g), and 12989.1 as set forth below.

45.    Defendants' acts and omissions were intentional, willful, malicious, reckless, and in conscious disregard of Plaintiff's protected rights.  As such and to deter future similar conduct by Defendants, Plaintiff is entitled to an award of punitive damages against Defendants.

46.    Plaintiff is further entitled to attorney fees and costs pursuant to 42 U.S.C. sections 1988, 3613(c)(2) and 1437d(q)(7), California Government Code section 11139, 12989.2, and other applicable statutes.

### FIRST CAUSE OF ACTION
**42 U.S.C. § 1983**
**(Against Defendants BIAS, BITTNER, DILLARD,**
**CAMPBELL, GUZMAN, and RODRIGUEZ)**

47.    Plaintiff incorporates by reference the allegations set forth above and below.

48.    Defendants BIAS, BITTNER, DILLARD, CAMPBELL, GUZMAN, and RODRIGUEZ acted under color of law, and conspired to deprive, and acting jointly and in concert with one another did deprive Plaintiff of her constitutional rights, which include, but are not limited to, the following:

(a)    the right to equal protection of the laws;

(b)    the right not to be deprived of property or an interest in property without due process of law;

(c)    the right to be free from arbitrary, capricious or excessive governmental action;

---

FIRST AMENDED COMPLAINT FOR
DAMAGES AND INJUNCTIVE AND
DECLARATORY RELIEF                    -11-

*Onita Tuggles vs. City of Antioch et al.*
**Case No.: C 08-01914 JCS**

1   and

2       (d)     the right to a reasonable expectation of privacy.

3       49.     The rights set forth above are embodied in clearly established constitutional law

4   pursuant to the Fourth and Fourteenth Amendments to the United States Constitution.

5       50.     As a result of Defendants' unlawful conduct as alleged herein, Plaintiff has

6   suffered, and will continue to suffer, the above stated damages in an amount according to proof,

7   including attorney fees and costs, to remedy the unlawful conduct.

8       WHEREFORE, Plaintiff prays for relief as set forth herein.

9                       **<u>SECOND CAUSE OF ACTION</u>**
                             **42 U.S.C. § 1983**
10      **(Against Defendants CITY OF ANTIOCH, ANTIOCH POLICE**
                          **DEPARTMENT, and HYDE)**
11

12      51.     Plaintiff incorporates by reference the allegations set forth above and below.

13      52.     On information and belief, the unlawful conduct of Defendants BIAS,

14  BITTNER, and DILLARD was pursuant to and made possible by the customs, policies,

15  practices, and/or procedures of the CITY OF ANTIOCH and the ANTIOCH POLICE

16  DEPARTMENT, which include, but are not limited to, the following:

17      (a)     engaging in, condoning, and/or failing to properly investigate or discipline racial

18  discrimination and other equal protection violations;

19      (b)     improperly hiring, and improperly and inadequately training and supervising

20  officers, and failing to adopt and/or enforce policies and procedures for the proper training, and

21  supervision of officers; and

22      (c)     inadequately investigating and failing to adopt and/or enforce rules, regulations,

23  policies, and procedures for the proper investigation of and response to citizen complaints about

24  officer misconduct.

25      53.     Plaintiff is further informed and believes that in or around July 2006, the CITY

26  OF ANTIOCH, ANTIOCH POLICE DEPARTMENT, and HYDE created the ANTIOCH

27  POLICE DEPARTMENT COMMUNITY ACTION TEAM, which emphasized investigation of

28  Section 8 households, including Section 8 program participants' compliance with Section 8

---

**FIRST AMENDED COMPLAINT FOR**                *Onita Tuggles vs. City of Antioch et al.*
**DAMAGES AND INJUNCTIVE AND**                 **Case No.: C 08-01914 JCS**
**DECLARATORY RELIEF**          **-**12**-**

program requirements. However, the CITY OF ANTIOCH, ANTIOCH POLICE DEPARTMENT and HYDE did not develop any internal policies for the operation and management of the COMMUNITY ACTION TEAM, and further did not establish any criteria for referrals to the COMMUNITY ACTION TEAM or the COMMUNITY ACTION TEAM'S investigations of Section 8 homes. As a matter of policy, practice and custom, the ANTIOCH POLICE DEPARTMENT'S COMMUNITY ACTION TEAM engages in the unlawful practice of: (a) contacting HACCC or other sources to determine whether a household participates in the Section 8 program, (b) conducting searches of homes even when there has been no complaint of criminal activity, (c) conducting investigations of persons residing in households receiving Section 8 benefits, (d) contacting a tenant's landlord in an effort to influence the landlord to take adverse action against a tenant, (e) asking HACCC to terminate a tenant's Section 8 housing benefits voucher, and (f) targeting African-American families for termination of Section 8 housing benefits vouchers.

54. As a result of the customs, policies, practices, and/or procedures listed above, Defendants BIAS, BITTNER, and DILLARD believed that their actions would not be monitored, investigated, or result in disciplinary action by their supervisors and would instead be encouraged, ratified, approved, tolerated and/or condoned.

55. Defendants' conduct constitutes a violation of clearly established constitutional law pursuant to the Fourth and Fourteenth Amendments to the United States Constitution. The foregoing customs, policies, practices, and/or procedures constitute intentional race-based discrimination, deliberate indifference, and reckless and/or conscious disregard of Plaintiff's clearly established constitutional rights.

56. As a result of Defendants' unlawful conduct as alleged herein, Plaintiff has suffered, and will continue to suffer, the above stated damages in an amount according to proof, including attorney fees and costs, to remedy the unlawful conduct.

WHEREFORE, Plaintiff prays for relief as set forth herein.

/./././

/././ /

---

**FIRST AMENDED COMPLAINT FOR**
**DAMAGES AND INJUNCTIVE AND**
**DECLARATORY RELIEF**          **-13-**

*Onita Tuggles vs. City of Antioch et al.*
**Case No.: C 08-01914 JCS**

1

2

3

**THIRD CAUSE OF ACTION**
**42 U.S.C. § 1985(3)**
**(Against Defendants BIAS, BITTNER, DILLARD,**
**GUZMAN, and RODRIGUEZ)**

4       57.     Plaintiff incorporates by reference the allegations set forth above and below.

5       58.     On information and belief, Defendants BIAS, BITTNER, DILLARD,

6   GUZMAN, and RODRIGUEZ acted under color of law and conspired with one another and

7   deprived Plaintiff of her constitutional right to equal protection of the laws.

8       59.     Defendants' conduct was motivated by racial animus.

9       60.     As a result of Defendants' unlawful conduct as alleged herein, Plaintiff has

10  suffered, and will continue to suffer, the above stated damages in an amount according to proof,

11  including attorney fees and costs, to remedy the unlawful conduct.

12      WHEREFORE, Plaintiff prays for relief as set forth herein.

13

14

**FOURTH CAUSE OF ACTION**
**42 U.S.C. § 1986**
**(Against Defendants BIAS and CAMPBELL)**

15

16      61.     Plaintiff incorporates by reference the allegations set forth above and below.

17      62.     On information and belief, Defendants BIAS and CAMPBELL knew of the

18  wrongs conspired to be done in violation of 42. U.S.C. section 1985 and further knew that such

19  wrongs were about to be committed against Plaintiff, but nonetheless failed, neglected, refused

20  to prevent or aid in preventing the commission of such wrongs against Plaintiff despite having

21  the power to do so.

22      63.     As a result of Defendants' negligent conduct as alleged herein, Plaintiff has

23  suffered, and will continue to suffer, the above stated damages in an amount according to proof,

24  including attorney fees and costs, to remedy the unlawful conduct.

25      WHEREFORE, Plaintiff prays for relief as set forth herein.

26  / . / . /

27  / . / . /

28  / . / . /

---

FIRST AMENDED COMPLAINT FOR                                     *Onita Tuggles vs. City of Antioch et al.*
DAMAGES AND INJUNCTIVE AND                                          **Case No.: C 08-01914 JCS**
DECLARATORY RELIEF                **-14-**

**FIFTH CAUSE OF ACTION**
**42 U.S.C. § 2000d**
**(Against Defendants CITY OF ANTIOCH and**
**ANTIOCH POLICE DEPARTMENT)**

64.    Plaintiff incorporates by reference the allegations set forth above and below.

65.    Defendants discriminated against Plaintiff in the provision of law enforcement services on the basis of Plaintiff's actual or perceived race.

66.    On information and belief, Defendants CITY OF ANTIOCH and ANTIOCH POLICE DEPARTMENT receive federal financial assistance to provide law enforcement services.

67.    As a result of Defendants' unlawful conduct as alleged herein, Plaintiff has suffered, and will continue to suffer, the above stated damages in an amount according to proof, including attorney fees and costs, to remedy the unlawful conduct.

WHEREFORE, Plaintiff prays for relief as set forth herein.

**SIXTH CAUSE OF ACTION**
**42 U.S.C. § 3601 *et seq*. - Discrimination in Housing on the Basis of Race**
**(Against All Defendants)**

68.    Plaintiff incorporates by reference the allegations set forth above and below.

69.    Defendants intentionally and in willful disregard of Plaintiff's legal rights discriminated against Plaintiff on the basis of her actual or perceived race in violation of 42 U.S.C. section 3604(b).

70.    As a result of Defendants' unlawful conduct as alleged herein, Plaintiff has suffered, and will continue to suffer, the above stated damages in an amount according to proof, including attorney fees and costs, to remedy the unlawful conduct.

WHEREFORE, Plaintiff prays for relief as set forth herein.

**SEVENTH CAUSE OF ACTION**
**42 U.S.C. § 1437d(q) - Unauthorized Release of Juvenile Records**
**(Against All Defendants)**

71.    Plaintiff incorporates by reference the allegations set forth above and below.

72.    Defendants terminated Plaintiff's Section 8 housing benefits voucher by using confidential information contained in police reports pertaining to juveniles in violation of 42

---

**FIRST AMENDED COMPLAINT FOR**
**DAMAGES AND INJUNCTIVE AND**
**DECLARATORY RELIEF**          **-15-**

*Onita Tuggles vs. City of Antioch et al.*
**Case No.: C 08-01914 JCS**

1  U.S. C. section 1437d(q)(1)(C).

2      73.    As a result of Defendants' unlawful conduct as alleged herein, Plaintiff has

3  suffered, and will continue to suffer, the above stated damages in an amount according to proof,

4  including attorney fees and costs, to remedy the unlawful conduct.

5      WHEREFORE, Plaintiff prays for relief as set forth herein.

6                        **EIGHTH CAUSE OF ACTION**
                **42 U.S.C. § 1437d(q) - Failure to Provide Juvenile Records**
7                          **(Against All Defendants)**

8      74.    Plaintiff incorporates by reference the allegations set forth above and below.

9      75.    Defendants violated 42 U.S.C. section 1437d(q)(2) by failing to provide Plaintiff

10  with copies of the juvenile criminal records, which Defendants relied on to terminate Plaintiff's

11  Section 8 housing benefits voucher.

12      76.    As a result of Defendants' unlawful conduct as alleged herein, Plaintiff has

13  suffered, and will continue to suffer, the above stated damages in an amount according to proof,

14  including attorney fees and costs, to remedy the unlawful conduct.

15      WHEREFORE, Plaintiff prays for relief as set forth herein.

16                        **NINTH CAUSE OF ACTION**
           **42 U.S.C. § 1437d(q) - Failure to Provide Notice and Fair Hearing**
17       **(Against Defendants COUNTY OF CONTRA COSTA, HOUSING**
              **AUTHORITY OF THE COUNTY OF CONTRA COSTA,**
18                **CAMPBELL, RODRIGUEZ, and GUZMAN)**

19

20      77.    Plaintiff incorporates by reference the allegations set forth above and below.

21      78.    Defendants violated Plaintiff's rights pursuant to 42 U.S.C. section 1437d(k)(1)

22  and 1437d(k)(3) because Defendants terminated Plaintiff's Section 8 housing benefits voucher

23  without first advising Plaintiff of the factual basis for the adverse action, and Defendants did not

24  provide Plaintiff with an opportunity to examine the documents or records that formed the basis

25  for termination of Plaintiff's housing benefits voucher.

26      79.    As a result of Defendants' unlawful conduct as alleged herein, Plaintiff has

27  suffered, and will continue to suffer, the above stated damages in an amount according to proof,

28  including attorney fees and costs, to remedy the unlawful conduct.

---

FIRST AMENDED COMPLAINT FOR                    *Onita Tuggles vs. City of Antioch et al.*
DAMAGES AND INJUNCTIVE AND                     **Case No.: C 08-01914 JCS**
DECLARATORY RELIEF          **-16-**

1    WHEREFORE, Plaintiff prays for relief as set forth herein.

2    **TENTH CAUSE OF ACTION**
**California Government Code § 815.6 - Breach of Mandatory Duty**
3    **(Against All Defendants)**

4    80.    Plaintiff incorporates by reference the allegations set forth above and below.

5    81.    Defendants violated Plaintiff's clearly established rights enacted pursuant to
6    United States and California law, which include, but are not limited to, the following:

7    (a)    Fourteenth Amendment to the United States Constitution and Article I, Section 7
8    of the California Constitution - right to due process and equal protection of the laws;

9    (b)    Fourth Amendment to United States Constitution and Article I, Section 1 of the
10    California Constitution - right to privacy;

11    (c)    Fair Housing Act - 42 U.S.C. Sections 3604(b) and 3613(c);

12    (d)    42 U.S.C. Sections 1437d(q)(1)(C), 1437d(q)(2), 1437d(k)(1), 1437d(k)(3), and
13    1437d(q)(7);

14    (e)    24 C.F.R. Section 982.555(c);

15    (f)    California Government Code section 11135 - right to be free from discrimination
16    on the basis of race, color, or ethnic group identification in any program or activity that receives
17    or benefits from state financial assistance; and

18    (g)    California Government Code Sections 12955(g), and 12989.1.

19    82.    As a result of Defendants' unlawful conduct as alleged herein, Plaintiff has
20    suffered, and will continue to suffer, the above stated damages in an amount according to proof,
21    including attorney fees and costs, to remedy the unlawful conduct.

22    WHEREFORE, Plaintiff prays for relief as set forth herein.

23    **ELEVENTH CAUSE OF ACTION**
**California Government Code § 815.2 - *Respondeat Superior* Liability**
24    **(Against Defendants CITY OF ANTIOCH, ANTIOCH POLICE DEPARTMENT,**
**COUNTY OF CONTRA COSTA, and HOUSING AUTHORITY**
25    **OF THE COUNTY OF CONTRA COSTA)**

26

27    83.    Plaintiff incorporates by reference the allegations set forth above and below.

28    84.    Defendants CITY OF ANTIOCH, ANTIOCH POLICE DEPARTMENT,

---

**FIRST AMENDED COMPLAINT FOR**
**DAMAGES AND INJUNCTIVE AND**
**DECLARATORY RELIEF**          **-17-**

*Onita Tuggles vs. City of Antioch et al.*
**Case No.: C 08-01914 JCS**

1  COUNTY OF CONTRA COSTA and HOUSING AUTHORITY OF THE COUNTY OF

2  CONTRA COSTA are liable for injuries to Plaintiff proximately caused by the acts and

3  omissions of their employees within the scope of their employment.

4       85.    On information and belief, Defendants HYDE, BIAS, BITTNER, and

5  DILLARD are and at all times material to this complaint were employed by the CITY OF

6  ANTIOCH and ANTIOCH POLICE DEPARTMENT, and the wrongful conduct attributed to

7  said Defendants were caused by their acts or omissions in the scope of their employment with

8  the CITY OF ANTIOCH and ANTIOCH POLICE DEPARTMENT.

9       86.    On information and belief, Defendants CAMPBELL, GUZMAN and

10  RODRIGUEZ were at all times material to this complaint employed by the COUNTY OF

11  CONTRA COSTA and the HOUSING AUTHORITY OF THE COUNTY OF CONTRA

12  COSTA, and the wrongful conduct attributed to said Defendants were caused by their acts or

13  omissions in the scope of their employment with the COUNTY OF CONTRA COSTA and

14  the HOUSING AUTHORITY OF THE COUNTY OF CONTRA COSTA.

15       87.    As a result of Defendants' unlawful conduct as alleged herein, Plaintiff has

16  suffered, and will continue to suffer, the above stated damages in an amount according to

17  proof, including attorney fees and costs, to remedy the unlawful conduct.

18       WHEREFORE, Plaintiff prays for relief as set forth herein.

19  

**TWELFTH CAUSE OF ACTION**
**Intentional Infliction of Emotional Distress**
**(Against All Defendants)**

22       88.    Plaintiff incorporates by reference the allegations set forth above and below.

23       89.    The conduct of Defendants was outrageous and directed at Plaintiff.  Defendants'

24  conduct was intended to cause injury or was in reckless disregard of the probability of causing

25  injury to Plaintiff and did in fact cause Plaintiff serious emotional distress.

26       90.    As a result of Defendants' unlawful conduct as alleged herein, Plaintiff has

27  suffered, and will continue to suffer, the above stated damages in an amount according to proof,

28  including attorney fees and costs, to remedy the unlawful conduct.

---

**FIRST AMENDED COMPLAINT FOR**
**DAMAGES AND INJUNCTIVE AND**
**DECLARATORY RELIEF**    **-18-**
    *Onita Tuggles vs. City of Antioch et al.*
    **Case No.: C 08-01914 JCS**

WHEREFORE, Plaintiff prays for relief as set forth below.

## THIRTEENTH CAUSE OF ACTION
### Negligence and Negligence Per Se
### (Against All Defendants)

91.     Plaintiff incorporates by reference the allegations set forth above and below.

92.     At all relevant times, Defendants owed Plaintiff the duty to act with reasonable care and not cause loss of or damage to Plaintiff's property or interest in property.  Defendants owed Plaintiff the legal duty not to discriminate against her on the basis of her race or color. Defendants owed Plaintiff the legal duty not to violate her rights to privacy, due process and equal protection of the laws.  Defendants had a legal duty to provide Plaintiff with a factual statement articulating the reasons for terminating Plaintiff's Section 8 housing benefits voucher. Defendants also owed Plaintiff the duty to adequately train and supervise Defendants' employees, and to adopt and/or enforce policies and procedures for the proper hiring, training, and supervision of Defendants' employees.

93.     By their acts and omissions, Defendants breached each of the foregoing duties owed to Plaintiff.  Further, it was reasonably foreseeable that such breaches of duty would cause Plaintiff emotional harm, and loss of or damage to Plaintiff's property or an interest in property.

94.     As a direct and proximate cause of Defendants' negligence, Plaintiff has suffered, and will continue to suffer, the above stated damages in an amount according to proof, including attorney fees and costs, to remedy the unlawful conduct.

WHEREFORE, Plaintiff prays for relief as set forth below.

## FOURTEENTH CAUSE OF ACTION
### Abuse of Process
### (Against All Defendants)

95.     Plaintiff incorporates by reference the allegations set forth above and below.

96.     Defendants willfully and improperly took action to terminate and did terminate Plaintiff's Section 8 housing benefits voucher in violation of federal and state law.  Defendants' conduct was motivated by an improper purpose and to perpetrate an injustice.

---

**FIRST AMENDED COMPLAINT FOR
DAMAGES AND INJUNCTIVE AND
DECLARATORY RELIEF**          **-19-**          *Onita Tuggles vs. City of Antioch et al.*
**Case No.: C 08-01914 JCS**

97.    As a result of Defendants' unlawful conduct as alleged herein, Plaintiff has suffered, and will continue to suffer, the above stated damages in an amount according to proof, including attorney fees and costs, to remedy the unlawful conduct.

WHEREFORE, Plaintiff prays for relief as set forth herein.

## FIFTEENTH CAUSE OF ACTION
### Malicious Prosecution
### (Against All Defendants)

98.    Plaintiff incorporates by reference the allegations set forth above and below.

99.    Defendants maliciously and without lawful justification terminated Plaintiff's Section 8 housing benefits voucher and thereafter conducted administrative proceedings for the wrongful purpose of permanently depriving Plaintiff of her Section 8 housing benefits.

100.    Plaintiff prevailed at the administrative hearing and the hearing officer ordered Plaintiff's Section 8 housing benefits voucher reinstated.

101.    As a result of Defendants' unlawful conduct as alleged herein, Plaintiff has suffered, and will continue to suffer, the above stated damages in an amount according to proof, including attorney fees and costs, to remedy the unlawful conduct.

WHEREFORE, Plaintiff prays for relief as set forth herein.

## SIXTEENTH CAUSE OF ACTION
### California Government Code § 12989.1 - Discrimination in Housing
### (Against Defendants CITY OF ANTIOCH, ANTIOCH POLICE DEPARTMENT, HYDE, BIAS, BITTNER, and DILLARD)

102.    Plaintiff incorporates by reference the allegations set forth above and below.

103.    Defendants did aid, abet, incite, compel or coerce Plaintiff's property owner and the owner's agent, Select 1 Realty, to terminate Plaintiff's tenancy and evict Plaintiff and her family in violation of the provisions of California Government Code section 12955(g).

104.    Defendants' conduct was intentional, motivated by racial animus, and in willful disregard of Plaintiff's legal rights.

105.    As a result of Defendants' unlawful conduct as alleged herein, Plaintiff has suffered, and will continue to suffer, the above stated damages in an amount according to proof, including attorney fees and costs, to remedy the unlawful conduct.

---

**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE AND DECLARATORY RELIEF**     **-20-**     *Onita Tuggles vs. City of Antioch et al.* **Case No.: C 08-01914 JCS**

1    WHEREFORE, Plaintiff prays for relief as set forth herein.

2    ## SEVENTEENTH CAUSE OF ACTION
     ### California Government Code § 11135 - Race Discrimination
3    ### (Against Defendants CITY OF ANTIOCH, ANTIOCH POLICE
     ### DEPARTMENT, HYDE, BIAS, BITTNER and DILLARD)
4

5    106.    Plaintiff incorporates by reference the allegations set forth above and below.

6    107.    Defendants' conduct violated Plaintiff's rights guaranteed under Government

7    Code section 11135, which prohibits discrimination against individuals on the basis of race in or

8    under any program or activity that receives or benefits from state financial assistance.

9    108.    As a result of Defendants' unlawful conduct as alleged herein, Plaintiff has

10   suffered, and will continue to suffer, the above stated damages in an amount according to proof,

11   including attorney fees and costs, to remedy the unlawful conduct.

12   WHEREFORE, Plaintiff prays for relief as set forth herein.

13   ## EIGHTEENTH CAUSE OF ACTION
     ### 28 U.S.C. §§ 2201, 2202 - Injunctive and Declaratory Relief
14   ### (Against Defendants CITY OF ANTIOCH, ANTIOCH POLICE
     ### DEPARTMENT, and HYDE)
15

16   109.    Plaintiff incorporates by reference the allegations set forth above and below.

17   110.    An actual and substantial controversy now exists between Plaintiff and

18   Defendants as to whether the CITY OF ANTIOCH and the ANTIOCH POLICE

19   DEPARTMENT may target Section 8 households and African American residents in the City of

20   Antioch for investigation on the basis of complaints that do not implicate criminal conduct.

21   111.    An actual and substantial controversy also exists between Plaintiff and

22   Defendants as to whether Defendants' practice of copying and disseminating juvenile police

23   reports and information contained therein without obtaining the prior approval of the juvenile

24   court, and providing the aggrieved parties with notice and an opportunity to be heard violates

25   federal and state law.

26   112.    Unless the Court issues an appropriate declaration of rights, the parties will not

27   know whether Defendants' policies and practices comply with the law, and Plaintiff will likely

28   be subject to adverse action on the basis of Defendants' conduct as set forth above.

---

113.   Defendants' conduct violates 42 U.S.C. section 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.  Defendants' conduct violates 42 U.S.C. sections 1985(3), 2000d, 3601 *et seq*., 1437d; California Government Code sections 11135, 12955(g); and California Welfare and Institutions Code section 827.

114.   Further, if not enjoined, Defendants will continue to target and investigate Section 8 households and African-American residents in the City of Antioch on the basis of complaints of a non-criminal nature.  And, Defendants will continue their custom, policy and practice of copying and disseminating juvenile police reports and information therein without obtaining the prior approval of the juvenile court, and providing the aggrieved parties with notice and an opportunity to be heard.  If not enjoined, Plaintiff will likely be subject to adverse action on the basis of Defendants' conduct as set forth above.

WHEREFORE, Plaintiff prays for relief as set forth herein.

## JURY TRIAL DEMAND

115.   Plaintiff hereby requests a jury trial in this action.

## RELIEF REQUESTED

Wherefore, Plaintiff respectfully requests that this Court grant the following relief:

1.   Compensatory and statutory damages according to proof against all defendants;

2.   Special damages according to proof against all defendants;

3.   Punitive damages in an amount according to proof against all defendants;

4.   Declaratory judgment that the policies and practices of the City of Antioch and Antioch Police Department violate Plaintiff's rights as guaranteed under 42 U.S.C. sections 1983, and the Fourth and Fourteenth Amendments to the United States Constitution;

5.   Declaratory judgment that the policies and practices of the City of Antioch and Antioch Police Department violate Plaintiff's rights as guaranteed under 42 U.S.C. sections 1985(3), 3604(b), 1437d(q), 2000d, California Government Code sections 11135, 12955(g), 12989.1, and California Welfare and Institutions Code section 827;

6.   Permanent injunction enjoining the City of Antioch and the Antioch Police Department from copying and disseminating juvenile police reports and information

---

**FIRST AMENDED COMPLAINT FOR**
**DAMAGES AND INJUNCTIVE AND**
**DECLARATORY RELIEF**                    **-22-**

*Onita Tuggles vs. City of Antioch et al.*
**Case No.: C 08-01914 JCS**

1    contained therein without obtaining the prior approval of the juvenile court, and providing the

2    aggrieved parties with notice and an opportunity to be heard;

3           7.      Attorney fees and costs pursuant to 42 U.S.C. sections 1988, 3613(c)(2) and

4    1437d(q)(7);

5           8.      Attorney fees and costs pursuant to California Government Code sections

6    11139, 12989.2, and other applicable law; and

7           9.      Such other relief as the Court finds just and proper.

8

9    DATED:  April 29, 2008              By:_____/s/ Jivaka Candappa_____
                                             JIVAKA CANDAPPA, for Plaintiff,
10                                           ONITA TUGGLES

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---