TIMOTHY P. MURPHY, ESQ. (SB# 120920)
EDRINGTON, SCHIRMER & MURPHY LLP
2300 Contra Costa Blvd., Suite 450
Pleasant Hill, CA 94523
Telephone: (925) 827-3300
Facsimile: (925) 827-3320

Attorneys for Defendants
HOUSING AUTHORITY OF THE COUNTY OF CONTRA COSTA, ELIZABETH
CAMPBELL, KATHY GUZMAN and JOANNA RODRIGUEZ

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ONITA TUGGLES,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF ANTIOCH; ANTIOCH POLICE DEPARTMENT; JAMES HYDE, Chief of Police, Antioch Police Department, in his official capacity; CORPORAL STEVE BIAS, OFFICER DESMOND BITTNER, and OFFICER WILLIAM DILLARD II, in their individual and official capacities; COUNTY OF CONTRA COSTA; HOUSING AUTHORITY OF THE COUNTY OF CONTRA COSTA; ELIZABETH CAMPBELL, KATHY GUZMAN and JOANNA RODRIGUEZ, in their individual and official capacities,<br><br>    Defendants. | Case No.  C 08-01914 JSC<br><br>**ANSWER TO FIRST AMENDED COMPLAINT AND REQUEST FOR JURY TRIAL** |

COME NOW defendants HOUSING AUTHORITY OF THE COUNTY OF CONTRA COSTA (hereinafter referred to as "HACCC"), ELIZABETH CAMPBELL, KATHY GUZMAN and JOANNA RODRIGUEZ and answers the First Amended Complaint filed by plaintiff ONITA TUGGLES, filed April 29, 2008, as follows:

    1.    Answering paragraph 1 of the First Amended Complaint, responding parties deny each and every allegation contained therein.

1

2.      Responding parties admit that plaintiff ONITA TUGGLES is an African American female who resides in the City of Antioch in the County of Contra Costa, California and that Ms. TUGGLES is a recipient of rental assistant payments under the Federal Section 8 program. Responding parties deny the balance of paragraph 2.

3.      Answering paragraphs 3, 4, 5, 6, 7, 8 and 9 of the First Amended Complaint, responding parties do not have sufficient information or belief to fully respond to the allegations therein and, on that basis, deny said allegations.

4.      Answering paragraph 10 of the First Amended Complaint, responding parties deny each and every allegation contained therein.

5.      Answering paragraph 11 of the First Amended Complaint, responding parties do not have sufficient information or belief to fully respond to the allegations therein and, on that basis, deny said allegations.

6.      In response to paragraph 12, responding parties admit that defendant ELIZABETH CAMPBELL is a resident of the State of California and is employed by defendant HACCC and acted at all times relevant to the First Amended Complaint as an employee of HACCC.  Responding parties deny all other allegations of paragraph 12.

7.      In response to paragraph 13, responding parties admit that KATHY GUZMAN is a resident of the State of California, was employed by HACCC and acted at all times relevant to the First Amended Complaint if at all, as an employee of HACCC.  Responding parties deny all other allegations of paragraph 13.

8.      In response to paragraph 14, responding parties admit that defendant JOANNA RODRIGUEZ is a resident of the State of California and at all times relevant to the First Amended Complaint was employed by defendant HACCC and acted as an employee of defendant HACCC. Responding parties deny all other allegations of paragraph 14.

9.      Answering paragraph 15 of the First Amended Complaint, responding parties deny each and every allegation contained therein.

10.     Answering paragraph 16 of the First Amended Complaint, responding parties do not have sufficient information or belief to fully respond to the allegations therein and, on that basis, deny said allegations.

2

11.    Answering paragraph 17 of the First Amended Complaint, responding parties deny each and every allegation contained therein.

12.    Answering paragraph 18 of the First Amended Complaint, responding parties admit that this court has subject matter jurisdiction over the parties pursuant to 28 U.S.C. §§1331 and 1343 but denies that 28 U.S.C. §§2201 and 2202 comprise an independent basis for jurisdiction.

13.    Answering paragraph 19 of the First Amended Complaint, responding parties deny each and every allegation contained therein.

14.    Answering paragraphs 20 and 21 of the First Amended Complaint, responding parties admit said allegations.

15.    In response to paragraph 22, responding parties deny, on information and belief, that plaintiff's tenancy at 1933 Paradise Peak Court in the City of Antioch terminated in April 2007. Responding parties admit the other allegations of paragraph 22.

16.    Answering paragraph 23 of the First Amended Complaint, responding parties do not have sufficient information or belief to fully respond to the allegations therein and, on that basis, deny said allegations.

17.    In response to paragraph 24, responding parties admit the first sentence thereof, beginning at page 6:20 and extending through page 6:24. Responding parties deny all allegations in the remainder of the paragraph, beginning at page 6:24.

18.    In response to paragraph 25, responding parties admit that a 30-day Notice was sent to plaintiff on or about March 28, 2007 and deny all other allegations in said paragraph.

19.    Answering paragraph 26 of the First Amended Complaint, responding parties deny each and every allegation contained therein.

20.    Answering paragraph 27 of the First Amended Complaint, responding parties do not have sufficient information or belief to fully respond to the allegations therein and, on that basis, deny said allegations.

21.    In response to paragraph 28, responding parties admit that plaintiff wrote to defendant RODRIGUEZ to request a pre-termination administrative hearing on April 5, 2007 and deny all other allegations therein.

3

22.     Answering paragraph 29 of the First Amended Complaint, responding parties deny each and every allegation contained therein.

23.     In response to paragraph 30, responding parties admit that an administrative hearing was conducted on June 11, 2007 and deny all other allegations of said paragraph.

24.     Answering paragraph 31 of the First Amended Complaint, responding parties deny each and every allegation contained therein.

25.     Answering paragraph 32, responding parties admit that on or about June 26, 2007, the hearing officer, Laurel Weil, issued her written opinion directing the HOUSING AUTHORITY OF THE COUNTY OF CONTRA COSTA to rescind its March 28, 2007 notice of proposed termination of assistance and that said decision states that the notice of proposed termination did not satisfy due process requirements set forth at 24 CFR 982.555(c). All other allegations of paragraph 32 are denied.

26.     Answering paragraph 33, responding parties admit the first two sentences, from 8:21-8:24 and denies the balance of the paragraph as it does not accurately quote from the hearing officer's decision.

27.     Answering paragraph 34 of the First Amended Complaint, responding parties do not have sufficient information or belief to fully respond to the allegations therein and, on that basis, deny said allegations.

28.     Answering paragraphs 35, 36, 37, 38, 39, 40 and 41 of the First Amended Complaint, responding parties deny each and every allegation contained therein.

29.     Answering paragraph 42 of the First Amended Complaint, responding parties do not have sufficient information or belief to fully respond to the allegations therein and, on that basis, deny said allegations. Responding parties deny that any notice of government claim were presented to the HOUSING AUTHORITY OF THE COUNTY OF CONTRA COSTA.

30.     Answering paragraphs 43, 44, 45 and 46 of the First Amended Complaint, responding parties deny each and every allegation contained therein.

31.     Answering paragraph 47 of the First Amended Complaint, which incorporates other paragraphs by reference, responding parties admit, deny or otherwise plead to the incorporated paragraphs as previously set forth.

4

32.    Answering paragraphs 48, 49 and 50 of the First Amended Complaint, responding parties deny each and every allegation contained therein.

33.    Answering paragraph 51 of the First Amended Complaint, which incorporates other paragraphs by reference, responding parties admit, deny or otherwise plead to the incorporated paragraphs as previously set forth.

34.    Answering paragraphs 52, 53, 54, 55 and 56 of the First Amended Complaint, the Second Cause of Action is not against these answering defendants and, therefore, no answer is necessary to these paragraphs.

35.    Answering paragraph 57 of the First Amended Complaint, which incorporates other paragraphs by reference, responding parties admit, deny or otherwise plead to the incorporated paragraphs as previously set forth.

36.    Answering paragraphs 58, 59 and 60 of the First Amended Complaint, responding parties deny each and every allegation contained therein.

37.    Answering paragraph 61 of the First Amended Complaint, which incorporates other paragraphs by reference, responding parties admit, deny or otherwise plead to the incorporated paragraphs as previously set forth.

38.    Answering paragraphs 62 and 63 of the First Amended Complaint, responding parties deny each and every allegation contained therein.

39.    Answering paragraph 64 of the First Amended Complaint, which incorporates other paragraphs by reference, responding parties admit, deny or otherwise plead to the incorporated paragraphs as previously set forth.

40.    Answering paragraphs 65, 66 and 67 of the First Amended Complaint, the Fifth Cause of Action is not against these answering defendants and, therefore, no answer is necessary to these paragraphs.

41.    Answering paragraph 68 of the First Amended Complaint, which incorporates other paragraphs by reference, responding parties admit, deny or otherwise plead to the incorporated paragraphs as previously set forth.

42.    Answering paragraphs 69 and 70 of the First Amended Complaint, responding parties deny each and every allegation contained therein.

1      43.    Answering paragraph 71 of the First Amended Complaint, which incorporates other

2  paragraphs by reference, responding parties admit, deny or otherwise plead to the incorporated

3  paragraphs as previously set forth.

4      44.    Answering paragraphs 72 and 73 of the First Amended Complaint, responding parties

5  deny each and every allegation contained therein.

6      45.    Answering paragraph 74 of the First Amended Complaint, which incorporates other

7  paragraphs by reference, responding parties admit, deny or otherwise plead to the incorporated

8  paragraphs as previously set forth.

9      46.    Answering paragraphs 75 and 76 of the First Amended Complaint, responding parties

10  deny each and every allegation contained therein.

11      47.    Answering paragraph 77 of the First Amended Complaint, which incorporates other

12  paragraphs by reference, responding parties admit, deny or otherwise plead to the incorporated

13  paragraphs as previously set forth.

14      48.    Answering paragraphs 78 and 79 of the First Amended Complaint, responding parties

15  deny each and every allegation contained therein.

16      49.    Answering paragraph 80 of the First Amended Complaint, which incorporates other

17  paragraphs by reference, responding parties admit, deny or otherwise plead to the incorporated

18  paragraphs as previously set forth.

19      50.    Answering paragraphs 81 and 82 of the First Amended Complaint, responding parties

20  deny each and every allegation contained therein.

21      51.    Answering paragraph 83 of the First Amended Complaint, which incorporates other

22  paragraphs by reference, responding parties admit, deny or otherwise plead to the incorporated

23  paragraphs as previously set forth.

24      52.    Answering paragraph 84 of the First Amended Complaint, responding parties deny

25  each and every allegation contained therein.

26      53.    Answering paragraph 85 of the First Amended Complaint, responding parties do not

27  have sufficient information or belief to fully respond to the allegations therein and, on that basis,

28  deny said allegations.

ANSWER TO FIRST AMENDED COMPLAINT

54.     In response to paragraphs 86, responding parties admit that defendants CAMPBELL, GUZMAN and RODRIGUEZ were employed by the HACCC and were acting in the course and scope of their employment at all times relevant to the action.  Responding parties deny all other allegations of paragraph 86.

55.     Answering paragraph 87 of the First Amended Complaint, responding parties deny each and every allegation contained therein.

56.     Answering paragraph 88 of the First Amended Complaint, which incorporates other paragraphs by reference, responding parties admit, deny or otherwise plead to the incorporated paragraphs as previously set forth.

57.     Answering paragraphs 89 and 90 of the First Amended Complaint, responding parties deny each and every allegation contained therein.

58.     Answering paragraph 91 of the First Amended Complaint, which incorporates other paragraphs by reference, responding parties admit, deny or otherwise plead to the incorporated paragraphs as previously set forth.

59.     Answering paragraph 92, responding parties admit they had a duty not to discriminate against plaintiff on the basis of race or color and a duty not to violate her rights to privacy, due process and equal protection of the laws.  Responding parties deny all other allegations in paragraph 92 and deny that they have violated any of the rights described therein.

60.     Answering paragraphs 93 and 94 of the First Amended Complaint, responding parties deny each and every allegation contained therein.

61.     Answering paragraph 95 of the First Amended Complaint, which incorporates other paragraphs by reference, responding parties admit, deny or otherwise plead to the incorporated paragraphs as previously set forth.

62.     Answering paragraphs 96 and 97 of the First Amended Complaint, responding parties deny each and every allegation contained therein.

63.     Answering paragraph 98 of the First Amended Complaint, which incorporates other paragraphs by reference, responding parties admit, deny or otherwise plead to the incorporated paragraphs as previously set forth.

64.     Answering paragraphs 99, 100 and 101 of the First Amended Complaint, responding parties deny each and every allegation contained therein.

65.     Answering paragraph 102 of the First Amended Complaint, which incorporates other paragraphs by reference, responding parties admit, deny or otherwise plead to the incorporated paragraphs as previously set forth.

66.     Answering paragraphs 103, 104 and 105 of the First Amended Complaint, the Sixteenth Cause of Action is not against these answering defendants and, therefore, no answer is necessary to these paragraphs.

67.     Answering paragraph 106 of the First Amended Complaint, which incorporates other paragraphs by reference, responding parties admit, deny or otherwise plead to the incorporated paragraphs as previously set forth.

68.     Answering paragraphs 107 and 108 of the First Amended Complaint, the Seventeenth Cause of Action is not against these answering defendants and, therefore, no answer is necessary to these paragraphs.

69.     Answering paragraph 109 of the First Amended Complaint, which incorporates other paragraphs by reference, responding parties admit, deny or otherwise plead to the incorporated paragraphs as previously set forth.

70.     Answering paragraphs 110, 111, 112, 113 and 114 of the First Amended Complaint, the Eighteenth Cause of Action is not against these answering defendants and, therefore, no answer is necessary to these paragraphs.

71.     In response to paragraph 115, responding parties acknowledge that plaintiff requests a jury Trial. These responding parties also request a jury Trial in this action.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

72.     Because the First Amended Complaint is couched in conclusory terms, responding parties cannot fully anticipate all affirmative defenses that may be applicable to this matter. Accordingly, the right to assert additional affirmative defenses, if and to the extent such affirmative defenses are applicable, is hereby reserved.

///

**SECOND AFFIRMATIVE DEFENSE**

73.    Responding parties assert that plaintiff has failed to state a claim upon which relief can be granted.

**THIRD AFFIRMATIVE DEFENSE**

74.    Responding parties assert that they did not deprive plaintiff of any right, privilege, or immunity guaranteed by the Constitution or laws of the United States.

**FOURTH AFFIRMATIVE DEFENSE**

75.    Responding parties assert that they did not act with malicious intent to deprive any person of any constitutional right or to cause any other injury and therefore are not liable.

**FIFTH AFFIRMATIVE DEFENSE**

76.    Responding parties are immune from liability pursuant to the Federal Civil Rights Act where they acted in good faith and entertained an honest, reasonable belief that their actions were necessary.

**SEVENTH AFFIRMATIVE DEFENSE**

77.    Responding parties assert they are immune from damages in that he acted in good faith in accordance with established law.

**EIGHTH AFFIRMATIVE DEFENSE**

78.    Responding parties assert they did not breach any duty owed to plaintiff.

**NINTH AFFIRMATIVE DEFENSE**

79.    Responding parties assert they are not liable to plaintiff for any injury or damages, if there were any, caused by an exercise of discretion.

**TENTH AFFIRMATIVE DEFENSE**

80.    Responding parties assert that at all times herein relevant, if there were any injury or damage, plaintiff failed to mitigate such injury or damage.

**ELEVENTH AFFIRMATIVE DEFENSE**

81.    Responding parties assert that to the extent that plaintiff suffered any injury it was the result of her own negligent or deliberate actions.

///

///

9

## TWELFTH AFFIRMATIVE DEFENSE

82.    Responding parties assert that to the extent plaintiff raises claims of violations of state law she is beyond the jurisdiction of this Court.

## THIRTEENTH AFFIRMATIVE DEFENSE

83.    Responding parties assert that to the extent that plaintiff recovers damages on any claim brought under state law, responding parties are entitled to have the amount abated, apportioned or reduced to the extent that any other party's negligence caused or contributed to damages, if any there were.

## FOURTEENTH AFFIRMATIVE DEFENSE

84.    Responding parties assert that plaintiff has failed to allege facts sufficient for this Court to exercise pendent jurisdiction.

## FIFTEENTH AFFIRMATIVE DEFENSE

85.    Responding parties assert the First Amended Complaint and each cause of action fails to allege facts sufficient to constitute a cause of action for punitive damages.

## SIXTEENTH AFFIRMATIVE DEFENSE

86.    Responding parties assert that plaintiff has failed to join all necessary parties to this action.

## PRAYER FOR RELIEF

WHEREFORE, these answering defendants pray for relief as follows:

1.    That plaintiff take nothing by her First Amended Complaint;

2.    For costs of suit herein;

3.    For attorneys' fees herein; and,

4.    For such other and further relief as the court deems just and proper.

///
///
///
///
///
///

ANSWER TO FIRST AMENDED COMPLAINT

1

## **JURY DEMAND**

2      Defendants HOUSING AUTHORITY OF THE COUNTY OF CONTRA COSTA,

3  ELIZABETH CAMPBELL, KATHY GUZMAN and JOANNA RODRIGUEZ hereby demand a

4  Trial by jury.

5  DATED: May 20, 2008          EDRINGTON, SCHIRMER & MURPHY

6

                                 By:

7                                   Timothy P. Murphy, Esq.

                                 Attorney for Defendants

8                                 HOUSING AUTHORITY OF THE COUNTY

                                 OF CONTRA COSTA, ELIZABETH

9                                 CAMPBELL, KATHY GUZMAN and

                                 JOANNA RODRIGUEZ

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

11