1  SILVANO B. MARCHESI (SBN 42965)
   County Counsel
2  BERNARD KNAPP (SBN 111720)
   Deputy County Counsel
3  COUNTY OF CONTRA COSTA
   651 Pine Street, 9th Floor
4  Martinez, California 94553
   Telephone:  (925) 335-1800
5  Facsimile:  (925) 335-1866
   Electronic Mail: bknap@cc.cccounty.us
6
   Attorneys for Defendant
7  CONTRA COSTA COUNTY

8

9              UNITED STATES DISTRICT COURT

10             NORTHERN DISTRICT OF CALIFORNIA

11

12

13 ONITA TUGGLES,                    No. C 08 - 01914 JCS

                                     DEFENDANT CONTRA COSTA
14        Plaintiff                  COUNTY'S ANSWER TO PLAINTIFF'S
                                     FIRST AMENDED COMPLAINT;
15 v.                                DEMAND FOR JURY TRIAL

16 CITY OF ANTIOCH, et al.,

17        Defendants.

18

19

20        Defendant Contra Costa County ("County") answers plaintiff's First Amended

21 Complaint ("FAC") herein as follows:

22        1.  Answering paragraph 1 of the FAC, the County admits plaintiff has filed this action

23 and has made the allegations contained in the First Amended Complaint, all of which are

24 answered by the County in this Answer to Plaintiff's First Amended Complaint, as set out

25 below.  Except as specifically so admitted, the County denies each and every allegation of said

26 paragraph.

27

28

DEFENDANT CONTRA COSTA COUNTY'S ANSWER TO PLAINTIFF'S FIRST
AMENDED COMPLAINT; DEMAND FOR JURY TRIAL – C 08 - 01914 JCS

2. Answering paragraph 2 of the FAC, the County lacks sufficient information on which to form a belief as to the truth or falsity of the allegations of said paragraph, and on that ground, denies each and every said allegation.

3. Answering paragraph 3 of the FAC, the County admits the City of Antioch is a municipality formed pursuant to the laws of the State of California, and that in that capacity, it employs police officers and operates a police department. Except as specifically so admitted, the County denies each and every allegation of said paragraph.

4. Answering paragraph 4 of the FAC, the County is informed and believes James Hyde is the Chief of the Antioch Police Department, and on that basis, admits the allegations of said paragraph.

5. Answering paragraph 5 of the FAC, the County lacks sufficient information on which to form a belief as to the truth or falsity of the allegations of said paragraph, and on that ground, denies each and every said allegation.

6. Answering paragraphs 6, 7, 8, and 9 of the FAC, and each of them, the County lacks sufficient information on which to form a belief as to the truth or falsity of the allegations of said paragraphs, and on that ground, denies each and every said allegation.

7. Answering paragraph 10 of the FAC, the County admits it is a political subdivision of the State of California, duly formed under the laws and Constitution of said state. Except as specifically so admitted, the County denies each and every allegation of said paragraph.

8. Answering paragraph 11 of the FAC, the County admits the Housing Authority of Contra Costa County ("Housing Authority") is a public corporation, created by the State of California pursuant to the California Health and Safety Code, sections 34200 and following, with the powers and for the purposes set forth in said statutes, including the purposes of planning, creating, and administering programs aimed at providing safe and sanitary dwelling places for people of low income. On information and belief, the County admits the Housing Authority administers certain federal programs commonly known as "Section 8 housing." Except as specifically so admitted, the County lacks sufficient information on which to form a

1    belief as to the truth or falsity of the allegations of said paragraph, and on that ground, denies

2    each and every said allegation.

3            9.  Answering paragraphs 12, 13, and 14 of the FAC, and each of them, the County

4    lacks sufficient information on which to form a belief as to the truth or falsity of the

5    allegations of said paragraphs, and on that ground, denies each and every said allegation.

6            10.  Answering paragraph 15 of the FAC, the County denies it is or was "responsible

7    for the employment, training, supervision, and discipline of Defendants Rodriguez, Campbell

8    and Guzman," and further denies that any or all of said defendants were acting as County

9    employees and/or agents of the County in acting or omitting to act in any of the ways alleged

10   against said defendants in the FAC, and further denies the County is in any way legally

11   responsible for said acts and/or omissions by said defendants.  As to all the remaining

12   allegations of said paragraph, the County lacks sufficient information on which to form a

13   belief as to the truth or falsity of the allegations of said paragraph, and on that ground, denies

14   each and every said allegation.

15           11.  Answering paragraphs 16 and 17 of the FAC and both of them, the County denies

16   each and every allegation of said paragraphs.

17           12.  Answering paragraphs 18, 19, 20, and 21 of the FAC, and each of them, the County

18   admits this action has purportedly been brought under the laws alleged in the FAC, and has

19   been venued in this District, and is assigned to the San Francisco division of this court.  Except

20   as specifically so admitted, the County denies each and every actual or implied factual

21   allegation of said paragraphs.

22           13.  Answering paragraphs 22 to 41 of the FAC, inclusive, and each of them, the

23   County lacks sufficient information on which to form a belief as to the truth or falsity of the

24   allegations of said paragraphs, and on that ground, denies each and every said allegation.

25           14.  Answering Paragraph 42 of the FAC, the County admits plaintiff Onita Tuggles

26   submitted a written government liability claim against the County to the Clerk of its Board of

27   Supervisors on September 10, 2007, and further admits said claim was rejected in full by said

28   Board on October 9, 2007.  Except as specifically so admitted, the County lacks sufficient

DEFENDANT CONTRA COSTA COUNTY'S ANSWER TO PLAINTIFF'S FIRST
AMENDED COMPLAINT; DEMAND FOR JURY TRIAL – C 08 - 01914 JCS

1  information on which to form a belief as to the truth or falsity of the allegations of said
2  paragraph, and on that ground, denies each and every said allegation.
3       15.  Answering paragraphs 43 to 46 of the FAC, inclusive, and each of them, the
4  County denies each and every allegation of said paragraphs.
5       16. Answering paragraphs 47 to 67 of the FAC, inclusive, and each of them, the County
6  lacks sufficient information on which to form a belief as to the truth or falsity of the
7  allegations of said paragraphs, and on that ground and/or because said allegations are not made
8  against the County or any person and/or entity for whose actions or omissions the County is
9  legally responsible in this action, denies each and every said allegation.
10       17.  Answering paragraphs 68 to 101 of the FAC, inclusive, and each of them, the
11  County denies each and every allegation of said paragraphs.
12       18.  Answering paragraphs 102 to 114 of the FAC, inclusive, and each of them, the
13  County lacks sufficient information on which to form a belief as to the truth or falsity of the
14  allegations of said paragraphs, and on that ground and/or because said allegations are not made
15  against the County or any person and/or entity for whose actions or omissions the County is
16  legally responsible in this action, denies each and every said allegation.

AFFIRMATIVE DEFENSES

18       1.  The County alleges that said complaint fails to state a claim upon which relief can be
19  granted against the County.
20       2.  The County denies the injuries or damages complained of, if any, were due to or
21  caused by any carelessness or negligence or any act or omission on the part of the County or
22  any employee or agent of said defendant.
23       3.  The  County alleges plaintiff was contributorily negligent; that such contributory
24  negligence was a proximate cause of plaintiff's alleged damages, if any, which are therefore
25  diminished in direct proportion to the fault attributable to plaintiff as compared with that of the
26  County or any employee and/or agent of the County.
27       4.  The County alleges that any and all of the acts or omissions alleged against it in the
28  complaint are the acts and omissions of agencies and officers of the State of California acting

1  in their official capacities, and that to the extent the County could otherwise be held liable for

2  the actions and/or omissions of said persons or entities, the County is therefore immune from

3  suit herein under the Eleventh Amendment to the United States Constitution.

4      5. The County alleges the County and its employees are immune from civil liability

5  pursuant to the provisions of Penal Code section 11172 and Government Code section 815.2,

6  to the extent the injuries alleged by the plaintiff herein are alleged to have been caused by acts

7  or omissions in connection with the reporting of child abuse.

8      6. The County alleges that the facts and damages sought by plaintiff are in excess of

9  and different from what was claimed in the plaintiff's claim presented to the County pursuant

10 to Government Code section 910, and to that extent, plaintiff's claims are barred by failure to

11 comply with the claim presentation requirements of the California Government Code, sections

12 810 and following.

13     7. The County alleges plaintiff's action is barred because plaintiff failed and continues

14 to fail to comply with the claims presentation provisions of California Government Code

15 sections 900 through and including 946.6.

16     8. The County alleges plaintiff has failed to exhaust administrative remedies available

17 to her, and her claims and each of them are barred by that failure.

18     9. The County alleges it is immune from suit herein for the failure to adopt any

19 enactment and/or enforce any law and/or enactment, pursuant to the provisions of California

20 Government Code sections 815.2, 818.2, and 821.

21     10. The County alleges plaintiff has failed to mitigate her damages, and said damages

22 are reduced or eliminated in proportion to said failure to mitigate.

23     11. The County alleges it is immune from suit pursuant to the immunities and defenses

24 contained in Government Code sections 810 through 898.5.

25     12. The County alleges it and its employees are not liable to plaintiff pursuant to the

26 provisions of Government Code sections 815.2 and 820.8, in that each and all of the claims

27 made against the County in this action are based on the alleged acts and/or omissions of other

28 persons, as provided by said statutes.

---

DEFENDANT CONTRA COSTA COUNTY'S ANSWER TO PLAINTIFF'S FIRST
AMENDED COMPLAINT; DEMAND FOR JURY TRIAL – C 08 - 01914 JCS

13.  The County alleges it and its employees are immune from civil liability pursuant to the provisions of Government Code section 815.2 and section 820.2 because the acts and/or omissions alleged in the complaint involved the exercise of discretion.

14.  The County alleges it and its employees are immune from civil liability pursuant to the provisions of Government Code sections 818.6 and 821.4, to the extent the injuries alleged by plaintiff were caused by a failure to make an inspection, or an inadequate or negligent inspection of any property other than the property (as defined in subdivision (c) of Government Code section 830) of said defendant, for the purpose of determining whether the property complied with or violated any enactment or contained or constituted a hazard to health or safety.

15.  The County alleges it and its employees are immune from civil liability pursuant to the provisions of Government Code section 818.8 and 822.2 for any misrepresentation.

16.  The County alleges it is absolutely immune from suit herein pursuant to the provisions of Government Code sections 815.2 and 821.6 and under federal law to the extent that in all the acts and omissions alleged against said defendant were taken by its employees in the course of instituting or prosecuting a judicial or administrative proceeding.

17.  The County alleges it and its employees are immune from civil liability pursuant to the provisions of Government Code sections 815.2 and 820.4 to the extent the acts and omissions alleged in plaintiff's complaint against defendant were taken to enforce the law with due care.

18.  The County alleges that the injury, if any, to plaintiff as alleged in the complaint was solely caused by official judicial and/or quasi-judicial acts, and that defendant Contra Costa County is absolutely immune from suit on that basis.

19.  The County alleges that plaintiff's action is barred by the equitable doctrines of laches, estoppel, and waiver, in that plaintiff has unreasonably delayed in taking action and/or making the claims alleged in this lawsuit with respect to the events alleged in the complaint, even though she knew or should have known in the exercise of reasonable diligence of the injuries and causes of injuries alleged in the complaint.

20.  The County alleges it is immune from civil liability pursuant to the provisions of California Government Code section 815.2 and California Civil Code section 47 and under federal law to the extent any or all of plaintiff's allegations in this action against defendant are based on the alleged acts or omissions of a employee or agent of defendant in making communications and/or providing testimony in connection with an official, judicial, or administrative proceeding.

21.  The County alleges that it acted pursuant to mandatory duties imposed by law which it carried out with reasonable diligence, and for that reason is immune from liability pursuant to California Government Code section 815.6.

22.  The County alleges that the negligence of others, if any, was greater than the negligence of the County, or any of its employees,  if in fact the County's employees were negligent, and the liability, if any, of the County should be diminished in direct proportion to the fault, if any, attributable to others as compared with that of any employee of said answering defendant.

23.  The County alleges that the injury, if any, to plaintiff as alleged in the complaint was solely caused by the exercise of prosecutorial discretion and that defendant Contra Costa County is therefore absolutely immune from suit.

24.  The County alleges that in the event that the trier of fact finds any liability on the part of the County, which liability is herein denied, the County will seek the benefit of several liability for non-economic damages as provided in California Civil Code sections 1431-1431.5.

25.  The County alleges that to the extent said action alleges injury caused by libel, slander, false imprisonment, seduction, or other wrong specified therein, said action is barred by the provisions of section 340 of the California Code of Civil Procedure.

26.  The County alleges that plaintiff's action is barred by the limitations provisions of sections 12960, 12965, and/or 12989.1 of the California Government Code.

27.  The County alleges plaintiff's action is barred by the provisions of section 335.1 and/or section 342 of the Code of Civil Procedure.

1    28.  The County alleges plaintiff's action is barred by the limitations provisions of

2  section 342 of the California Code of Civil Procedure and section 945.6 of the California

3  Government Code.

4    29.  The County alleges plaintiff's action is barred by the limitations provisions of

5  section 3613 of Title 42 of the United States Code.

6                              DEMAND FOR JURY TRIAL

7    The County demands jury trial of all claims in this action.

8                                      PRAYER

9    WHEREFORE, defendant Contra Costa County prays that plaintiff take nothing by the

10  complaint, that plaintiff's complaint against it be dismissed in its entirety, for an award of

11  costs, attorney fees, and all other expenses of defending this suit against plaintiff pursuant to

12  42 U.S.C. section 1988, California Code of Civil Procedure section 1038, and any other

13  applicable doctrine and/or statute under which the County may be entitled to such award or

14  awards, and for such other relief as justice may require and the law allow.

15

16  DATED: May 30, 2008                    SILVANO B. MARCHESI
                                           COUNTY COUNSEL
17

18

19

20  By:
                                           BERNARD KNAPP
21                                         Deputy County Counsel
                                           Attorneys for Defendant
22                                         CONTRA COSTA COUNTY

23

24

25

26

27

28

DEFENDANT CONTRA COSTA COUNTY'S ANSWER TO PLAINTIFF'S FIRST
AMENDED COMPLAINT; DEMAND FOR JURY TRIAL – C 08 - 01914 JCS

8