JAMES V. FITZGERALD, III (State Bar No. 55632)
NOAH G. BLECHMAN (State Bar No. 197167)
MCNAMARA, DODGE, NEY, BEATTY, SLATTERY,
PFALZER, BORGES & BROTHERS LLP
1211 Newell Avenue
Post Office Box 5288
Walnut Creek, CA 94596
Telephone: (925) 939-5330
Facsimile:  (925) 939-0203

Attorneys for Defendants
CITY OF ANTIOCH, ANTIOCH POLICE DEPARTMENT,
JAMES HYDE, CORPORAL STEVE BIAS, OFFICER
DESMOND BITTNER, AND OFFICER WILLIAM DILLARD,
II

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ONITA TUGGLES, | Case No. C08-01914 JCS |
| Plaintiff, | **DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT FOR DAMAGES, INJUNCTIVE AND DECLARATORY RELIEF** |
| vs. | |
| CITY OF ANTIOCH; ANTIOCH POLICE DEPARTMENT; JAMES HYDE, Chief of Police, Antioch Police Department, in his individual and official capacities; CORPORAL STEVE BIAS; OFFICER DESMOND BITTNER, and OFFICER WILLIAM DILLARD, II, in their individual and official capacities; COUNTY OF CONTRA COSTA; HOUSING AUTHORITY OF THE COUNTY OF CONTRA COSTA; ELIZABETH CAMPBELL; KATHY GUZMAN and JOANNA RODRIGUEZ, in their individual and official capacities, | |
| Defendants. | |

This pleading is being submitted by The CITY OF ANTIOCH, ANTIOCH CHIEF OF POLICE JAMES HYDE, ANTIOCH POLICE CORPORAL STEVE BIAS, ANTIOCH POLICE OFFICERS DESMOND BITTNER, AND WILLIAM DILLARD, II, hereinafter these answering Defendants.  The Antioch Police Department, (erroneously sued herein) is not an entity capable

DEFENDANTS' ANSWER TO FIRST
AMENDED COMPLAINT FOR DAMAGES

of being sued.

## INTRODUCTION

1.  In answering Paragraph 1, these answering Defendants admit that they are being sued by Plaintiff Onita Tuggles and deny the remaining allegations in Paragraph 1.

## PARTIES

2.  In answering Paragraphs 2 through 17, these answering Defendants respond as follows. The City of Antioch is a Municipal Corporation organized under the laws of the State of California. Chief James Hyde is the Chief of Police for the City of Antioch, and at all times material to the complaint, was responsible, with the City of Antioch, for the employment, training, supervision, and discipline of the other individual Defendants employed by the City of Antioch, identified in the complaint. Corporal Steve Bias, Officer Desmond Bittner, and Officer William Dillard, II were at all times mentioned in the complaint, employees of the City of Antioch assigned to the Antioch Police Department Community Action Team and acting in the course and scope of their employment and under color of law. On information and belief these answering Defendants admit that Joanna Rodriguez works for the Housing Authority of Contra Costa County. These answering Defendants deny the remaining allegations in Paragraphs 2 through 17.

## JURISDICTION & VENUE

3.  In answering Paragraphs 18 through 21, these answering Defendants neither admit nor deny the allegations in Paragraphs 18 through 21 as they are matters of law and not appropriate for admission or denial.

## STATEMENT OF FACTS

4.  In answering Paragraphs 22 through 41, these answering Defendants admit the allegations in Paragraph 24. These answering Defendants further admit that they received a

complaint which led them to begin investigating the residence at 1933 Paradise Peak Court in the City of Antioch. These answering Defendants further admit that they are informed and believe that the proceedings were instituted by the Housing Authority to terminate Plaintiff Tuggles Section 8 housing benefits voucher program for non-compliance and or breach of family obligations. These answering Defendants further admit that the Antioch Police Depart Community Action Team is a specialized unit that is dedicated to dealing with increasing challenges that directly the quality of life in the City of Antioch. Defendants further admit that Officer Bittner and Corporal Bias testified at a Housing Authority hearing on or about June 11, 2007. These answering Defendants deny the remaining allegations in Paragraphs 22 through 41.

5. In answering Paragraph 42 Defendants neither admit nor deny the allegations in Paragraph 42 as they are matters of law and not appropriate for admission or denial.

### STATEMENT OF DAMAGES

6. These answering Defendants deny the allegations in Paragraphs 43 through 46.

### FIRST CAUSE OF ACTION
### 42 U.S.C §1983
(Against Defendants BIAS, BITTNER, DILLARD, CAMPBELL, GUZMAN, and RODRIGUEZ)

7. In answering Paragraph 47, Defendants Bias, Bittner, and Dillard incorporate by reference their responses to Paragraphs 1 through 46.

8. Defendants Bias, Bittner, and Dillard deny the allegations in Paragraphs 48 through 50.

### SECOND CAUSE OF ACTION
### 42 U.S.C §1983
(Against Defendants CITY OF ANTIOCH, ANTIOCH POLICE DEPARTMENT, and HYDE)

9. In answering Paragraph 51, Defendants City of Antioch and Antioch Police Chief Hyde hereby incorporate by reference their responses to Paragraphs 1 through 50.

10. In answering Paragraphs 52 through 56, these answering Defendants admit that the

DEFENDANTS' ANSWER TO FIRST                3
AMENDED COMPLAINT FOR DAMAGES

Community Action Team was created by the City of Antioch and Chief Hyde to respond to quality of life issues and complaints about property in the City of Antioch. These answering Defendants deny the remaining allegations in Paragraphs 52 through 56.

### THIRD CAUSE OF ACTION
### 42 U.S.C §1985 (3)
### (Against Defendants BIAS, BITTNER, DILLARD, GUZMAN, and RODRIGUEZ)

11. In answering Paragraph 57, Defendants Bias, Bittner, and Dillard incorporate by reference their responses to Paragraphs 1 through 56.

12. Defendants Bias, Bittner, and Dillard deny the allegations in Paragraphs 58 through 60.

### FOURTH CAUSE OF ACTION
### 42 U.S.C §1986
### (Against Defendants BIAS and CAMPBELL)

13. In answering Paragraph 61, Defendant Bias incorporates by reference his responses to Paragraphs 1 through 60.

14. Defendant Bias denies the allegations in Paragraphs 62 and 63.

### FIFTH CAUSE OF ACTION
### 42 U.S.C §2000d
### (Against Defendants CITY OF ANTIOCH and ANTIOCH POLICE DEPARTMENT)

15. In answering Paragraph 64, Defendant City of Antioch incorporates by reference its responses to Paragraphs 1 through 63.

16. Defendant City of Antioch denies the allegations in Paragraphs 65 through 67.

### SIXTH CAUSE OF ACTION
### 42 U.S.C. § 3601 et seq. – Discrimination in Housing on the Basis of Race
### (Against All Defendants)

17. In answering Paragraph 68, these answering Defendants incorporate by reference their responses to Paragraphs 1 through 67.

18. These answering Defendants deny the allegations in Paragraphs 69 and 70.

## SEVENTH CAUSE OF ACTION
### 42 U.S.C. § 1437d(q) – Unauthorized Release of Juvenile Records
### (Against All Defendants)

19. In answering Paragraph 71, these answering Defendants incorporate by reference their responses to Paragraphs 1 through 70.

20. These answering Defendants deny the allegations in Paragraphs 72 and 73.

## EIGHTH CAUSE OF ACTION
### 42 U.S.C. § 1437d(q) – Failure to Provide Juvenile Records
### (Against All Defendants)

21. In answering Paragraph 74, these answering Defendants incorporate by reference their responses to Paragraphs 1 through 73.

22. These answering Defendants deny the allegations in Paragraphs 75 and 76.

## NINTH CAUSE OF ACTION
### 42 U.S.C. § 1437d(q) – Failure to Provide Notice and Fair Hearing
### (Against Defendants COUNTY OF CONTRA COSTA, HOUSING AUTHORITY OF THE COUNTY OF CONTRA COSTA, CAMPBELL, RODRIGUEZ, and GUZMAN)

22. In answering Paragraph 77, these answering Defendants incorporate by reference their responses to Paragraphs 1 through 76.

24. In response to Paragraph 78 and 79, these answering Defendants lack information or belief sufficient for them to respond so consequently they deny the allegations in Paragraphs 78 and 79.

## TENTH CAUSE OF ACTION
### CALIFORNIA GOVERNMENT CODE § 815.6 – Breach of Mandatory Duty
### (Against All Defendants)

25. In answering Paragraph 80, these answering Defendants incorporate by reference their responses to Paragraphs 1 through 79.

26. These answering Defendants deny the allegations in Paragraphs 81 and 82.

## ELEVENTH CAUSE OF ACTION
### CALIFORNIA GOVERNMENT CODE § 815.2 – Respondeat Superior Liability
### (Against Defendants CITY OF ANTIOCH, ANTIOCH POLICE DEPARTMENT, COUNTY OF CONTRA COSTA, and HOUSING AUTHORITY OF THE COUNTY OF CONTRA COSTA)

27. In answering Paragraph 83, the City of Antioch incorporate by reference its

responses to Paragraphs 1 through 82.

28. The City of Antioch denies the allegations in Paragraphs 84 through 87.

### TWELFTH CAUSE OF ACTION
**Intentional Infliction of Emotional Distress**
**(Against all Defendants)**

29. In answering Paragraph 88, these answering Defendants incorporate by reference their responses to Paragraphs 1 through 87.

30. These answering Defendants deny the allegations in Paragraphs 89 and 90.

### THIRTEENTH CAUSE OF ACTION
**Negligence and Negligence Per Se**
**(Against All Defendants)**

31. In answering Paragraph 91, these answering Defendants incorporate by reference their responses to Paragraphs 1 through 90.

32. These answering Defendants deny the allegations in Paragraphs 92 through 94.

### FOURTEENTH CAUSE OF ACTION
**Abuse of Process**
**(Against All Defendants)**

33. In answering Paragraph 95, these answering Defendants incorporate by reference their responses to Paragraphs 1 through 94.

34. These answering Defendants deny the allegations in Paragraphs 96 and 97.

### FIFTEENTH CAUSE OF ACTION
**Malicious Prosecution**
**(Against All Defendants)**

35. In answering Paragraph 98, these answering Defendants incorporate by reference their responses to Paragraphs 1 through 97.

36. These answering Defendants deny the allegations in Paragraphs 99 through 101.

### SIXTEENTH CAUSE OF ACTION
**California Government Code § 12989.1 – Discrimination in Housing**
**(Against Defendants CITY OF ANTIOCH, ANTIOCH POLICE DEPARTMENT, HYDE, BIAS, BITTNER, and DILLARD)**

37. In answering Paragraph 102, these answering Defendants incorporate by reference their responses to Paragraphs 1 through 101.

DEFENDANTS' ANSWER TO FIRST
AMENDED COMPLAINT FOR DAMAGES                 6

38. These answering Defendants deny the allegations in Paragraphs 103 through 105.

### SEVENTEENTH CAUSE OF ACTION
### California Government Code §§ 11135 – Race Discrimination
### (Against Defendants CITY OF ANTIOCH, ANTIOCH POLICE DEPARTMENT, HYDE, BIAS, BITTNER and DILLARD)

39. In answering Paragraph 106, these answering Defendants incorporate by reference their responses to Paragraphs 1 through 105.

40. These answering Defendants deny the allegations in Paragraphs 107 and 108.

### EIGHTEENTH CAUSE OF ACTION
### 28 U.S.C. §§ 2201, 2202 – Injunctive and Declaratory Relief
### (Against Defendants CITY OF ANTIOCH, ANTIOCH POLICE DEPARTMENT, and HYDE)

41. In answering Paragraph 109, these answering Defendants incorporate by reference their responses to Paragraphs 1 through 108.

42. The City of Antioch and Chief Hyde deny the allegations in Paragraphs 110 through 114.

### JURY TRIAL DEMAND

40. These answering Defendants hereby request a jury trial in this action.

### AFFIRMATIVE DEFENSES

1. AS AND FOR A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that said Complaint fails to state facts sufficient to constitute a cause of action against these answering Defendants.

2. AS AND FOR A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that Plaintiff has failed to state facts sufficient to support a prayer for punitive damages against these answering Defendants in Plaintiff's Complaint herein.

3. AS AND FOR A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that at all times and places mentioned in the Complaint herein, the Plaintiff failed to mitigate the amount of her damages, if any. The damages claimed by Plaintiff could have been mitigated by due diligence on her part or by one acting under similar circumstances. The Plaintiff's failure to mitigate is a bar to her recovery under the Complaint.

  4. AS AND FOR A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that Plaintiff's own negligence in and about the matters alleged in her Complaint herein was the sole proximate cause of the happening of the accident, and of the injuries, loss and damages complained of, if any there were, and said negligence on the part of Plaintiff bars recovery to Plaintiff or, in the alternative, that said Plaintiff's negligence in and about the matters alleged in the Complaint herein proximately contributed to the happening of the accident and to the injuries, loss and damages complained of, if any there were, and said negligence on the part of Plaintiff requires that any damages awarded Plaintiff shall be diminished as required by the law of the State of California in proportion to the amount of fault attached to said Plaintiff.

  5. AS AND FOR A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that the sole proximate cause of the injuries and damages, if any, allegedly suffered by Plaintiff was the negligence and fault of others than these answering Defendants or on the part of any person or entity for whose acts or omissions these answering Defendants are legally or otherwise responsible.

  6. AS AND FOR A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that Plaintiff has failed to state a cause of action in that each of the causes of action as alleged herein is barred by provisions of Sections 312 through 362 of the California Code of Civil Procedure.

  7. AS AND FOR A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that Plaintiff had full knowledge of all the risks, dangers, and hazards, if any there were, and nevertheless voluntarily and with full appreciation of the amount of danger involved in their actions and the magnitude of the risk involved, assumed the risk of injuries and damages to herself.

  8.. AS AND FOR A EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that Plaintiff's unclean hands preclude any recovery by Plaintiff.

  9. AS AND FOR A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that the Plaintiff by virtue of her own conduct and omissions has

enhanced and materially contributed to the damages, if any there may be, allegedly sustained by Plaintiff as a result of the acts or omissions complained of herein.

10. AS AND FOR A TENTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that at all times mentioned in the Complaint herein, they were not the agent, servant, or employee of any of the remaining Defendants and did not do any of the things alleged by Plaintiff within the scope and course of any such agency, servitude, or employment.

11. AS AND FOR AN ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that the matters complained of by Plaintiff, if committed by Defendants, were consented to by Plaintiff.

12. AS AND FOR A TWELFTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that at all times herein mentioned, the acts complained of, if any there were, were privileged under applicable statutes and case law.

13. AS AND FOR A THIRTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that they are immune from liability herein pursuant to the provisions of California Government Code Sections 810 through 996.6.

14. AS AND FOR A FOURTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that they are not liable for exemplary or punitive damages pursuant to California Government Code Section 818.

15. AS AND FOR A FIFTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that at all times herein mentioned, all actions taken by the Defendants were reasonable under the circumstances and taken under a good faith belief that the actions were not unlawful and Defendants are therefore immune under the "good faith immunity" doctrine.

**PRAYER FOR RELIEF**

WHEREFORE, Defendants pray for the following relief:

1. That Plaintiff take nothing by way of her Complaint herein;
2. For costs of suit;

DEFENDANTS' ANSWER TO FIRST
AMENDED COMPLAINT FOR DAMAGES

3. For attorney's fees;

4. For such further relief as this Court may deem just and proper.

Dated: May 28, 2008

McNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP

By: _____
James V. Fitzgerald, III
Noah G. Blechman
Attorneys for Defendant
CITY OF ANTIOCH, ANTIOCH POLICE DEPARTMENT, JAMES HYDE, CORPORAL STEVE BIAS, OFFICER DESMOND BITTNER, AND OFFICER WILLIAM DILLARD, II