Jivaka Candappa (SBN 225919)
LAW OFFICE OF JIVAKA CANDAPPA
46 Shattuck Square, Suite 15
Berkeley, California 94704
Telephone: (510) 981-1808
Facsimile: (510) 981-1817

Attorney for Plaintiff
ONITA TUGGLES

James V. Fitzgerald, III (SBN 55632)
Noah G. Blechman (SBN 197167)
MCNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP
1211 Newell Avenue
Walnut Creek, California 94596
Telephone: (925) 939-5330
Facsimile: (925) 939-0203

Attorneys for Defendants
CITY OF ANTIOCH, ANTIOCH POLICE DEPARTMENT, JAMES HYDE, CORPORAL STEVE BIAS, OFFICER DESMOND BITTNER, and OFFICER WILLIAM DILLARD II

Timothy P. Murphy (SBN 120920)
Nancy A. McPherson (SBN 129464)
EDRINGTON, SCHIRMER & MURPHY LLP
2300 Contra Costa Blvd., Suite 450
Pleasant Hill, California 94523
Telephone: (925) 827-3300
Facsimile: (925) 827-3320

Attorneys for Defendants
HOUSING AUTHORITY OF THE COUNTY OF CONTRA COSTA, ELIZABETH CAMPBELL, and JOANNA RODRIGUEZ

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ONITA TUGGLES,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>CITY OF ANTIOCH; ANTIOCH POLICE DEPARTMENT; JAMES HYDE, Chief of Police, Antioch Police Department, in his official capacity; CORPORAL STEVE BIAS, OFFICER DESMOND BITTNER, and OFFICER WILLIAM DILLARD II, in their individual and official capacities; COUNTY OF CONTRA COSTA; HOUSING AUTHORITY OF THE COUNTY OF CONTRA COSTA; ELIZABETH CAMPBELL, KATHY GUZMAN and JOANNA RODRIGUEZ, in their individual and official capacities,<br>　　　　Defendants. | Case No.: C 08-01914 JCS<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date: July 25, 2008<br>Time: 1:30 p.m.<br>Judge: Hon. Joseph C. Spero |

The Parties to the above-entitled action jointly submit this Case Management Statement and request that the Court adopt it as its Case Management Order in this case.

1. **Jurisdiction and Service**

All named Parties are subject to the Court's jurisdiction pursuant to 28 U.S. C. §§ 1331 and 1343, and 28 U.S.C. § 1367(a).  The Parties do not believe any issues exist with respect to personal jurisdiction or venue.  All Parties have been served.

2. **Facts**

Plaintiff Onita Tuggles and her two children, Natalia and Michael, lived at 1933 Paradise Peak Court in the City of Antioch from October 2003 through April 2007.  Ms. Tuggles was a participant in the federal Section 8 Housing Choice Voucher Program, which was administered in the County of Contra Costa by the Housing Authority of the County of Contra Costa ("HACCC"). Natalia and Michael were listed as members of Ms. Tuggles' household.

On or about March 15, 2007, the Antioch Police Department Community Action Team began investigating Ms. Tuggles and her family and learned that she was a participant in the HACCC Section 8 Housing Choice Voucher Program.  Thereafter, Officers Dillard and Bittner of the Antioch Police Department Community Action Team wrote to HACCC employee, Defendant Joanna Rodriguez, stating that "two authorized juveniles" living at 1933 Paradise Peak Court, "have been involved in recent and multiple violent assaults" in the City of Antioch.  The officers' letter stated that the incidents "constitute a violation of section 'U' on the Family Obligations form" provided by HACCC to the Antioch Police Department and requested HACCC to take appropriate action.

On or about March 28, 2007, HACCC sent Ms. Tuggles a 30-day notice of proposed termination of Section 8 benefits and notified Ms. Tuggles' property manager, Select 1 Realty, that HACCC would be terminating Ms. Tuggles' Section 8 housing benefits voucher effective April 28, 2007, for program non-compliance and/or breach of family obligations.

On or about March 30, 2007, Select 1 Realty served Ms. Tuggles with a 60-day tenancy termination notice and advised her that beginning May 2007 she would be liable for the full amount of her rent in the sum of $1,850 per month.

On April 5, 2007, Ms. Tuggles requested a pre-termination administrative hearing. HACCC scheduled her hearing for May 21, 2007. Plaintiff alleges that she and her family moved out of their residence at 1933 Paradise Peak Court in Antioch on or about April 26, 2007, because she could not afford to pay the market rate rent demanded by Select 1 Realty consequent to HACCC'S action terminating Plaintiff's housing assistance payment contract with Select 1 Realty effective April 27, 2007.

On June 11, 2007, HACCC conducted an administrative hearing. Officer Bittner and Corporal Bias testified at the administrative hearing.

On or about June 26, 2007, the hearing officer, Laurel Weil, issued her written opinion and ordered rescission of the termination notice and HACCC'S proposed termination of Ms. Tuggles' Section 8 housing benefits. The hearing officer found that HACCC'S notice of termination did not meet federal due process requirements.

HACCC reinstated Ms. Tuggles' Section 8 benefits in or around August 2007.

3. **Legal Issues**

Plaintiff alleges a total of seventeen causes of action against the various Defendants, as follows:

*Causes of Action One through Four.* Plaintiff alleges that Defendants Bias Bittner, Dillard, Campbell, Guzman, and Rodriguez violated her constitutional rights to equal protection of the laws, due process, and privacy pursuant to 42 U.S.C. § 1983 and her right to equal protection of the laws pursuant to 42 U.S.C. § 1985(3). Plaintiff has also alleged a *Monell* claim against the City of Antioch and the Antioch Police Department pursuant to 42 U.S.C. § 1983. Finally, Plaintiff has alleged that Defendants Bias and Bittner violated 42 U.S.C § 1986 by negligently failing to prevent a violation of her civil rights as set forth in 42 U.S.C. § 1985(3).

The Housing Authority Defendants deny that any conduct on their part violated Plaintiff's constitutional or civil rights and allege that they acted in good faith, believing their conduct to be appropriate under the circumstances.

The Antioch Defendants deny that any conduct on their part violated Plaintiff's constitutional or civil rights and allege that they acted in good faith, believing their conduct to be

appropriate under the circumstances.

*Fifth Cause of Action.* Plaintiff alleges that the City of Antioch and the Antioch Police Department discriminated against her on the basis of her race in the provision of law enforcement services in violation of 42 U.S.C. 2000d.

The Antioch Defendants deny that any conduct on their part violated Plaintiff's constitutional or civil rights and allege that they acted in good faith, believing their conduct to be appropriate under the circumstances.

*Sixth Cause of Action.* Plaintiff alleges that all Defendants discriminated against Plaintiff on the basis of her race in violation 42 U.S.C. § 3604(b).

Defendants deny said allegations.

*Causes of Action Seven through Nine.* Plaintiff alleges that Defendants used information contained in confidential police reports to terminate Plaintiff's Section 8 housing voucher and did so without providing Plaintiff a copy of such confidential records in violation of 42 U.S.C. § 1437d(q)(1)(C) and (q)(2). Plaintiff also alleges that Defendants County of Contra Costa, HACCC, Campbell and Rodriguez violated 42 U.S.C. § 1437d(k)(1) and (3) because they terminated Plaintiff's housing benefits without advising Plaintiff of the factual basis for the termination and did not provide Plaintiff an opportunity to examine the documents that formed the basis for the adverse action.

Defendants deny said allegations.

*Causes of Action Ten through Fifteen.* Plaintiff has alleged several tort claims against all defendants, specifically, for breach of mandatory duties pursuant Government Code § 815.6, repondeat superior liability pursuant to Government Code § 815.2, Intentional Infliction of Emotional Distress, Negligence and Negligence Per Se, Abuse of Process, and Malicious Prosecution. Plaintiff alleges that Defendants breached numerous mandatory duties pursuant to federal and state constitutional law and statute, and acted negligently in terminating Plaintiff's housing benefits voucher. Further, Plaintiff alleges that Defendants acted willfully and maliciously and improperly took action to terminate Plaintiff's housing benefits voucher without having lawful justification to do so.

1    The Housing Authority defendants deny that any conduct on their part violated Plaintiff's constitutional or civil rights and allege that they acted in good faith, believing their conduct to be appropriate under the circumstances.

    The Antioch Defendants deny that any conduct on their part violated Plaintiff's constitutional or civil rights and allege that they acted in good faith, believing their conduct to be appropriate under the circumstances.

*Sixteenth Cause of Action.* Plaintiff alleges that the City of Antioch defendants improperly prevailed upon Plaintiff's property manager, Select 1 Realty, to terminate Plaintiff's tenancy in violation of California Government Code § 12955(g).

    The Antioch Defendants deny said allegations.

*Seventeenth Cause of Action.* Plaintiff seeks injunctive and declaratory relief against the City of Antioch, Antioch Police Department and Chief Hyde. Plaintiff seeks a permanent injunction enjoining the City of Antioch and the Antioch Police Department from copying and disseminating juvenile police reports and information therein without obtaining the prior approval of the juvenile court and providing the aggrieved parties with notice and an opportunity to be heard. Further, Plaintiff seeks a declaratory judgment that the policies and practices of the City of Antioch and the Antioch Police Department, which include targeting Section 8 households and African American residents in the City of Antioch on the basis of complaints that do not implicate criminal conduct, violate Plaintiff's rights under federal and state law.

    The Antioch Defendants deny that any conduct on their part violated plaintiff's constitutional or civil rights and allege that they acted in good faith, believing their conduct to be appropriate under the circumstances.

4.  **Motions**

    Plaintiff anticipates filing a motion for summary adjudication against the Housing Authority defendants with respect to all causes of action alleging violations of Plaintiff's due process rights.

    Defendants anticipate filing motions for summary judgment/summary adjudication at the close of discovery.

/ . / . /

5. **Amendment of Pleadings and Dismissals**

Defendant County of Contra Costa was dismissed from the lawsuit without prejudice pursuant to a stipulation by all parties.

6. **Evidence Preservation**

All Parties have taken measures necessary to preserve evidence in this action, including any electronic data.

7. **Disclosures**

All parties intend to exchange initial disclosures identifying witnesses and evidence known to the parties, and produce all relevant insurance policies by the date this Joint Case Management Conference Statement is filed.

8. **Discovery**

The Parties do not request any deviation from the discovery rules pursuant to the Federal Rules of Civil Procedure at this time.

9. **Class Actions**

This is not a class action.

10. **Related Cases**

The Parties are not aware of any related cases or proceedings.

11. **Relief**

Plaintiffs allege the following damages according to proof: general damages, special damages, punitive damages, and statutory damages and penalties.

12. **Settlement and ADR**

Plaintiff and the Housing Authority Defendants stipulated to mediation through the Court's ADR program. The Antioch Defendants are amenable to mediation, but have reservations as to whether the case would be postured for mediation within 90 days of the Court's order referring the matter to early mediation.

13. **Consent to Magistrate Judge For All Purposes**

All parties consented to have this case heard by a magistrate for all purposes, including trial and entry of judgment.

*Onita Tuggles v. City of Antioch et al.*   6   Case No. C 08-01914 JCS
JOINT CASE MANAGEMENT STATEMENT

14. **Other References**

The Parties do not believe this case should be referred to binding arbitration, a special master, or JPML.

15. **Narrowing of Issues**

Plaintiff believes that the doctrine of collateral estoppel should apply with respect to the finding of the administrative hearing officer that HACCC violated Plaintiff's right to due process pursuant to federal law in terminating her Section 8 housing benefits voucher.

The Housing Authority defendants dispute the applicability of collateral estoppel with regard to the administrative hearing.

16. **Expedited Schedule**

None requested at this time.

17. **Scheduling**

The Parties request a mid-January 2010 trial date and the assignment of other, related dates to be set as convenient to the Court's schedule. Plaintiff respectfully requests that expert witness disclosures be made no later than 90 days before the date set for trial.

18. **Trial**

Plaintiff and some Defendants have requested a jury trial. The Parties anticipate that the length of the trial will be 8 days, including jury selection.

19. **Disclosure of Non-party Interested Entities or Persons**

Plaintiff filed a Certification of Interested Entities or Persons in compliance with Civil Local Rule 3-16. Plaintiff certifies that as of this date, other than the named Parties, there is no such interest to report. The public entity defendants are exempt from filing the Disclosure of Non-party Interested Entities or Persons pursuant to Local Rule 3-16.

20. **Other Matters**

None.

DATED: July 18, 2008         By: /s/ Jivaka Candappa
                                 JIVAKA CANDAPPA
                                 Attorney for Plaintiff
                                 ONITA TUGGLES

| | | |
|---|---|---|
| 1 | DATED: July 18, 2008 | MCNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES, & BROTHERS LLP |
| 2 | | |
| 3 | | By:  /s/ James V. Fitzgerald, III |
| 4 | | JAMES V. FITZGERALD, III<br>NOAH G. BLECHMAN |
| 5 | | Attorneys for Defendants<br>CITY OF ANTIOCH, ANTIOCH POLICE |
| 6 | | DEPARTMENT, JAMES HYDE, CORPORAL<br>STEVE BIAS, OFFICER DESMOND BITTNER, |
| 7 | | and OFFICER WILLIAM DILLARD II |
| 8 | DATED: July 18, 2008 | EDRINGTON, SCHIRMER & MURPHY LLP |
| 9 | | By:  /s/ Timothy P. Murphy |
| 10 | | TIMOTHY P. MURPHY<br>NANCY A. MCPHERSON |
| 11 | | Attorneys for Defendants<br>HOUSING AUTHORITY OF THE COUNTY OF |
| 12 | | CONTRA COSTA, ELIZABETH CAMPBELL, |
| 13 | | KATHY GUZMAN and JOANNA RODRIGUEZ |