UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ONITA TUGGLES,<br><br>    Plaintiff(s),<br><br>v.<br><br>CITY OF ANTIOCH, ET AL.,<br><br>    Defendant(s).<br>_____/ | Case No. C08-01914 JCS<br><br>**ORDER GRANTING IN PART AND DENYING IN PART JOINT LETTER BRIEF REGARDING CAT AUDIO RECORDINGS [Docket No. 116]** |

Discovery in this case closed in November, 2009. Summary Judgment was decided last October. Plaintiff never propounded a request for CAT recordings involving the plaintiff. Rather, as the court has commented previously in case management, plaintiff propounded many broad discovery requests – many of them obviously and defectively overbroad.

The CAT recording which plaintiff claims to have only recently discovered (regarding 5001 Union Mine Drive) came to light, at the latest, when recordings were publicly filed in Case No. C-08-2301 SBA. Those filings occurred on December 4, 2009 (Bitter Declaration, Doc. #154) and later when these recordings were criticized as incomplete on December 18, 2009 (Dang Declaration, Doc. #195). Indeed, it is likely that those recordings were actually produced in that putative class action in discovery at a much earlier date.

Despite this background, it was not until February 16, *2010*, plaintiff sought all audio recordings of CAT officers (1) relating to plaintiff, and (2) produced in case number C-08-2301 SBA. Defendants produced the former, but declined to produce the latter. On March 8, 2010 the parties filed a joint letter, in which plaintiff seeks the withheld recordings.

The Motion to Produce all of the recordings is DENIED. First, discovery has long been closed and the time for Motions to Compel has passed months ago. Plaintiff was not diligent during

discovery. Instead of actually asking for audio recordings relevant to this case, she sought overbroad categories of documents. Second, once she learned or should have learned of the existence of the recordings, she was not diligent in seeking their production. The existence of the recordings was disclosed within approximately a month of the close of discovery in this case (at the latest), but plaintiff did not raise the issue with the court until three months later (four months after the close of discovery). Even the category that plaintiff now seeks – all audio recordings produced in the class action – is still overbroad. This case is not a class action and plaintiff has made no showing that the audio produced in the class action is relevant to this case.

Defendants have agreed to produce all audio recordings of CAT officers relating to plaintiff and to that extent the Motion to Compel is GRANTED. In addition, while the recording of the 5002 Union Mine Drive incident may or may not be relevant and admissible at trial, it should be produced to plaintiff. The Motion to Strike is DENIED.

IT IS SO ORDERED.

Dated: March 15, 2010

_____
JOSEPH C. SPERO
United States Magistrate Judge

2