**United States District Court**
For the Northern District of California

1
2
3
4                    UNITED STATES DISTRICT COURT
5                   NORTHERN DISTRICT OF CALIFORNIA
6
7   ONITA TUGGLES,                          No. C-08-1914 JCS
8          Plaintiff,
9       v.
10  CITY OF ANTIOCH, et al.,
11         Defendants.
12  _____/
13
14              **COURT'S PROPOSED JURY INSTRUCTIONS**
15
16  Dated: September 1, 2010
17
18                              _____
19                              JOSEPH C. SPERO
                                United States Magistrate Judge
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

### JURY INSTRUCTION NO. 1

### DUTY OF JURY

Members of the Jury.  Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you as to the law of the case.

Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

**JURY INSTRUCTION NO. 2**

**IDENTIFICATION OF PARTIES AND CLAIMS**

To help you follow the evidence, I will give you a brief summary of the positions of the parties at trial.  The Plaintiff is Onita Tuggles, and the defendant is Officer Desmond Bittner individually and in his capacity as a police officer for the city of Antioch.  In this case, Plaintiff Tuggles alleges violations of her right to Fair Housing and alleges discrimination on the basis of her race under federal and state law.   The Plaintiff has the burden of proving these claims.  Defendants Officer Bittner and the City of Antioch deny these allegations.

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO. 3**

**BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**JURY INSTRUCTION NO. 4**

**BURDEN OF PROOF: CLEAR AND CONVINCING EVIDENCE**

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means you must be persuaded by the evidence that the claim or defense is highly probable. This is a higher standard of proof than proof by a preponderance of the evidence.

You should base your decision on all of the evidence, regardless of which party presented it.

United States District Court

For the Northern District of California

**United States District Court**
For the Northern District of California

1

**JURY INSTRUCTION NO. 5**

2   You should decide the case as to each defendant separately.  Unless otherwise stated, the

3   instructions apply to all parties.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 6.**

**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

1.      The sworn testimony of any witness;

2.      The exhibits which are received into evidence; and

3.      Any facts to which the lawyers have agreed.

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO. 7.**

**WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3. Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; when I have given a limiting instruction, you must follow it.

4. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**JURY INSTRUCTION NO. 8.**
**EVIDENCE FOR LIMITED PURPOSE**

Some evidence was admitted for a limited purpose only.  As I instructed you during the trial, you may consider that evidence only for the limited purpose I described to you during the trial.

**JURY INSTRUCTION NO. 9.**
**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

**JURY INSTRUCTION NO. 10.**

**RULING ON OBJECTIONS**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

**JURY INSTRUCTION NO. 11.**

**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

1.      The opportunity and ability of the witness to see or hear or know the things testified to;

2.      The witness' memory;

3.      The witness' manner while testifying;

4.      The witness' interest in the outcome of the case and any bias or prejudice;

5.      Whether other evidence contradicted the witness's testimony;

6.      The reasonableness of the witness' testimony in light of all the evidence; and

7.      Any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

**JURY INSTRUCTION NO. 12.**

**TAKING NOTES**

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case.  Do not let note-taking distract you.  When you leave, your notes should be left in the jury room. No one will read your notes.  They will be destroyed at the conclusion of the case.

Whether or not you take notes, you should rely on your own memory of the evidence.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO. 13.**

**USE OF NOTES**

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO. 14.**

**STIPULATIONS OF FACT**

The parties have agreed to certain facts [to be placed in evidence as Exhibit __] [that will be read to you]. You should therefore treat these facts as having been proved.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO. 15.**

**IMPEACHMENT EVIDENCE – WITNESS**

The evidence that a witness [e.g., has been convicted of a crime, lied under oath on a prior occasion, etc.] may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

**JURY INSTRUCTION NO. 16.**

**DISCREPANCIES IN TESTIMONY**

Discrepancies in a witness' testimony or between a witness' testimony and that of other witnesses, if there were any, do not necessarily mean that any such witness should be discredited.  Failure of recollection is common.  Innocent misrecollection is not uncommon.  Two persons witnessing an incident or a transaction often will see or hear it differently.  You should consider whether a discrepancy pertains to an important matter or only to something trivial.

**JURY INSTRUCTION NO. 17.**

**DEPOSITION IN LIEU OF LIVE TESTIMONY**

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.  You should consider deposition testimony, presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.  Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

**JURY INSTRUCTION NO. 18.**

**CHARTS AND SUMMARIES IN EVIDENCE**

Certain charts and summaries have been received into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying  evidence deserves.

United States District Court

For the Northern District of California

**JURY INSTRUCTION NO. 19.**

**CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE**

Certain charts and summaries not received in evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

United States District Court

For the Northern District of California

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO. 20.**

**EVIDENCE IN ELECTRONIC FORMAT**

Those exhibits capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room. A computer, projector, printer and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer; and how to print the exhibits. You will also be provided with a paper list of all exhibits received in evidence. (Alternatively, you may request a paper copy of an exhibit received in evidence by sending a note through the [clerk] [bailiff].) If you need additional equipment or supplies, you may make a request by sending a note.

In the event of any technical problem, or if you have questions about how to operate the computer or other equipment, you may send a note to the [clerk] [bailiff], signed by your foreperson or by one or more members of the jury. Be as brief as possible in describing the problem and do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room [with [the clerk] [the bailiff] [me] present for the sole purpose of assuring that the only matter that is discussed is the technical problem.] When the court technician or any non-juror is in the jury room, the jury shall not deliberate.  No juror may say anything to the court technician or any non-juror other than to describe the technical problem or to seek information about operation of equipment.  Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case. You may not use the computer for any other purpose. At my direction, technicians have taken steps to make sure that the computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other material. Do not attempt to alter the computer to obtain access to such materials. If you discover that the computer provides or allows access to such materials, you must inform me immediately and refrain from viewing such

21

materials. Do not remove the computer or any electronic data [disk] from the jury room, and do not

copy any such data.

**JURY INSTRUCTION NO.  21.**

**EXPERT WITNESS TESTIMONY**

During the trial you heard testimony from expert witnesses. The law allows an expert to state opinions about matters in his or her field of expertise even if he or she has not witnessed any of the events involved in the trial.

You do not have to accept an expert's opinion. As with any other witness, it is up to you to decide whether you believe the expert's testimony and choose to use it as a basis for your decision. You may believe all, part, or none of an expert's testimony. In deciding whether to believe an expert's testimony, you should consider:

1. The expert's training and experience;

2. The facts the expert relied on; and

3. The reasons for the expert's opinion.

**JURY INSTRUCTION NO.  22.**

**CONFLICTING EXPERT TESTIMONY**

If the expert witnesses disagreed with one another, you should weigh each opinion against the others.  You should examine the reasons given for each opinion and the facts or other matters that each witness relied on.  You may also compare the experts' qualifications.

**JURY INSTRUCTION NO.  23.**

**EXPERTS - QUESTIONS CONTAINING ASSUMED FACTS**

The law allows expert witnesses to be asked questions that are based on assumed facts.  These are sometimes called "hypothetical questions."

In determining the weight to give to the expert's opinion that is based on the assumed facts, you should consider whether the assumed facts are true.

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO.  24.**

**FIRST CLAIM:  SECTION 1983 — INTRODUCTORY INSTRUCTION**

Plaintiff brings her claim under the federal statute 42 U.S.C. § 1983, which provides that any person or persons who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

And in particular, Plaintiff alleges a violation of her Fourteenth Amendment right to Equal Protection under the law.

**JURY INSTRUCTION NO. 25.**

**SECTION 1983 CLAIM AGAINST DEFENDANT IN INDIVIDUAL CAPACITY—**

**ELEMENTS AND BURDEN OF PROOF (42 U.S.C. § 1983)**

In order to prevail on her Section 1983 claim against the Defendant Desmond Bittner the Plaintiff must prove each of the following elements by a preponderance of the evidence:

> 1.      Defendant Bittner acted under color of law, and

> 2.      the act or acts of Defendant Bittner deprived Plaintiff of her particular rights under the United States Constitution as explained in later instructions.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation.

If you find the Plaintiff has proved each of these elements and if you find that the Plaintiff has proved all the elements she is required to prove under Instruction No. 33 (re: Fourteenth Amendment Equal Protection Violation), your verdict should be for the Plaintiff. If, on the other hand, the Plaintiff has failed to prove any one or more of these elements, your verdict should be for Defendant Bittner.

**JURY INSTRUCTION NO. 26.**

**RE: FOURTEENTH AMENDMENT EQUAL PROTECTION CLAIM UNDER 42 U.S.C. § 1983 AGAINST DEFENDANT BITTNER**

Plaintiff Onita Tuggles claims that she was denied equal protection under the law, in violation of her Fourteenth Amendment rights, because she was treated differently by the Individual Defendant, Desmond Bittner, on the basis of her race. In order to establish a violation of equal protection under the Fourteenth Amendment, Plaintiff must prove the following:

     1. Defendant Bittner treated Plaintiff Onita Tuggles differently from other similarly situated individuals,

     2. Defendant Bittner treated Plaintiff Onita Tuggles differently because of her race, and

     3. Defendant Bittner acted with discriminatory purpose or intent.

Intentional or purposeful discrimination means that Defendant acted at least in part because of Plaintiff's race. It is not necessary therefore for Plaintiff to prove that racial animus was the sole reason for Defendant's conduct.

United States District Court

For the Northern District of California

**JURY INSTRUCTION NO.  27.**

**CLAIM II:  SECTION 1985(3) CIVIL RIGHTS CONSPIRACY CLAIM AGAINST DEFENDANT DESMOND BITTNER - ELEMENTS AND BURDEN OF PROOF**

In order to prove the existence of a civil rights conspiracy under § 1985(3), Plaintiff Onita Tuggles must prove the following by a preponderance of the evidence:

1.  That Defendant Desmond Bittner did conspire against Plaintiff;

2.  Defendant Bittner conspired for the purpose of depriving, either directly or indirectly, Plaintiff's right to equal protection of the laws on the basis of Plaintiff's race;

3.  One or more of the conspirators did, or caused to be done any act in furtherance of the object of the conspiracy; and

4.  That Plaintiff suffered personal injury, lost an interest in property, or was deprived of having and exercising any right or privilege of a citizen of the United States.

A conspiracy is an agreement by two or more persons to commit a wrongful act.

Intentional or purposeful discrimination means that Defendant acted at least in part because of Plaintiff's race.  It is not necessary therefore for Plaintiff to prove that racial animus was the sole reason for Defendant's conduct.

29

United States District Court

For the Northern District of California

**JURY INSTRUCTION NO.  28.**

**CLAIM III:  SECTION 1986 CLAIM AGAINST DEFENDANTS IN INDIVIDUAL CAPACITY - ELEMENTS AND BURDEN OF PROOF**

Plaintiff's claim under 42 U.S.C. § 1986 is predicated on proving the elements underlying her claim pursuant to 42 U.S.C. § 1985(3).  In order to prove her claim under § 1986, Plaintiff Onita Tuggles must prove each of the following elements by a preponderance of the evidence:

1.  Conspiracy pursuant to 42 U.S.C. §1985(3) as follows:

a)      Defendant Desmond Bittner conspired against Plaintiff;

b)      for the purpose of depriving, either directly or indirectly, Plaintiff's right to equal protection of the laws on the basis of Plaintiff's race;

c)      one or more of the conspirators did, or caused to be done any act in furtherance of the object of the conspiracy;

d)      Plaintiff suffered personal injury, lost an interest in property, or was deprived of having and exercising any right or privilege of a citizen of the United States.

2.  Defendant Bittner knew of the wrongs conspired to be done against Plaintiff; and

3.  Defendant Bittner had the power to either prevent or aid in the prevention of the commission of such wrongs against Plaintiff, but neglected or refused to do so.

**JURY INSTRUCTION NO. 29.**

**CLAIM IV:  INTERFERENCE UNDER § 3617 OF THE FAIR HOUSING ACT WITH RIGHTS GUARANTEED BY FAIR HOUSING ACT AGAINST DEFENDANT DESMOND BITTNER - ELEMENTS AND BURDEN OF PROOF**

Plaintiff Onita Tuggles also claims that Defendant Bittner is liable under Section 3617 of the Fair Housing Act because he violated her rights under the Fair Housing Act.

In order to prove her claim under Section 3617 of the Fair Housing Act, Plaintiff must show by a preponderance of the evidence that:

      1)      Defendant Bittner coerced, intimidated, threatened, or interfered with Plaintiff's exercise or enjoyment of her right to fair housing;

      2)      Defendant Bittner's conduct was motivated at least, in part, because of Plaintiff's race; and

      3)      Plaintiff was harmed by Defendant's conduct.

In order to find Defendant Bittner liable under Section 3617, you do not need to find that he engaged in force or violence.

To "coerce" is to compel to an act or choice by force, threat, or other pressure.  "Intimidation" would require a showing that Defendant's activities or conduct had generated fear in Plaintiff.  A "threat" is an expression to inflict evil, injury, or other damage on another.

"Interference" is the act of meddling in or hampering an activity or process.

**JURY INSTRUCTION NO.  30.**

**CAUSATION (42 U.S.C. § 1983)**

In order to establish that the acts of the Individual Defendant, Desmond Bittner, deprived Plaintiff, Onita Tuggles of her particular rights under the United States Constitution as explained in the preceding and later instructions, the Plaintiff must prove by a preponderance of the evidence that the acts were so closely related to the deprivation of the her rights as to be the moving force that caused the ultimate injury.

United States District Court

For the Northern District of California

**JURY INSTRUCTION NO.  31.**

**CLAIM V:  VIOLATION OF CALIFORNIA GOVERNMENT CODE SECTION**

**12989.1/12955, RACE DISCRIMINATION IN HOUSING**

**ELEMENTS AND BURDEN OF PROOF**

In order to prove that Defendant Desmond Bittner violated California Government Code Section 12955, Plaintiff Onita Tuggles must prove by a preponderance of the evidence that Defendant Bittner attempted to or did in fact aid, abet, incite, compel, or coerce the owner and/or property manager of 1933 Paradise Peak Court to discriminate against or harass Plaintiff on the basis of her race.

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

**JURY INSTRUCTION NO.  32.**

**CLAIM VI:  GOVERNMENT CODE SECTION 11135 -**

**RACE DISCRIMINATION IN PROGRAMS OR ACTIVITIES RECEIVING OR**

**BENEFITTING FROM STATE FINANCIAL ASSISTANCE**

In order to prove the existence of a claim under California Government Code section 11135,

Plaintiff, Onita Tuggles must prove the following by a preponderance of the evidence:

1. Defendant City of Antioch was a recipient of state financial assistance; and

2. In the course of providing law enforcement services, Individual Defendant Desmond

Bittner intentionally discriminated against the Plaintiff based on her race; and

3. Plaintiff was harmed by Desmond Bittner's conduct.

Or, as an alternative to intentional discrimination, Plaintiff can prove the existence of a claim under

California Government Code section 11135 by proving by a preponderance of the evidence that:

1. Defendant City of Antioch was a recipient of state financial assistance; and

2. Defendant Desmond Bittner engaged in certain acts or practices that were facially

neutral; and

3. The facially neutral acts or practices of Defendant Desmond Bittner had a

significantly adverse or disproportionate impact on Plaintiff as a member of a protected group,

African-Americans.  If Plaintiff has proven disproportionate impact, the Defendants then need to

prove by a preponderance of the evidence a legitimate, nondiscriminatory reason for the acts or

practices of Defendant Desmond Bittner.  If Defendants rebut Plaintiff's disparate impact allegations

with such a legitimate, nondiscriminatory reason, then the burden shifts back to the Plaintiff to prove

by a preponderance of the evidence that the reason was a pretext for race-based discrimination

against the Plaintiff.

4. Plaintiff was harmed by Desmond Bittner's conduct.

**JURY INSTRUCTION NO.  33.**

***RESPONDEAT SUPERIOR* LIABILITY**

Plaintiff Onita Tuggles claims that Officer Desmond Bittner's conduct violated Cal. Gov't Code §§ 11135 and 12989.1/12955.  Plaintiff Onita Tuggles also claims that Defendant City of Antioch is responsible for the harm because Officer Desmond Bittner was acting as its employee at all relevant times.

If you find that Officer Desmond Bittner's conduct violated either §11135 or §12989.1/12955 then you must decide whether the City of Antioch is responsible for the harm caused by these violations. The City of Antioch is responsible if Plaintiff Onita Tuggles proves both of the following:

      1. That Desmond Bittner was the Defendant City of Antioch's employee; and

      2. That Desmond Bittner was acting within the scope of his employment when he harmed Plaintiff Onita Tuggles.

**JURY INSTRUCTION NO.  34.**

**RE: COMPENSATORY DAMAGES - PROOF/MEASURES OF TYPES OF DAMAGES**

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the Plaintiff on any of her claims, you must determine the Plaintiff's damages.  The Plaintiff has the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate the Plaintiff for any injury you find was caused by the Defendants.  You should consider the following:

     1.  The additional rental expense incurred by Plaintiff consequent to the termination of her Section 8 voucher;

     2.  Out-of-pocket expenses incurred by Plaintiff caused by the termination of her Section voucher, specifically, expenses incurred in moving her residence from 1933 Paradise Peak Court in Antioch to her new residence;

     3.  The mental, physical, and emotional pain and suffering experienced and which with reasonable probability will be experienced in the future.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture

**JURY INSTRUCTION NO. 35.**

**DAMAGES - MITIGATION**

The Plaintiff has a duty to use reasonable efforts to mitigate damages.  To mitigate means to avoid or reduce damages.

The Defendants have the burden of proving by a preponderance of the evidence:

    1.  that Plaintiff Onita Tuggles failed to use reasonable efforts to mitigate damages; and

    2.  the amount by which damages would have been mitigated.

**United States District Court**

For the Northern District of California

**United States District Court**
For the Northern District of California

# JURY INSTRUCTION NO. 36.

## RE: PUNITIVE DAMAGES

If you find for the Plaintiff, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish an individual defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a Plaintiff.

The Plaintiff has the burden of proving by a preponderance of the evidence that punitive damages should be awarded, and, if so, the amount of any such damages.

You may award punitive damages only if you find that the Individual Defendant's conduct that harmed the Plaintiff was malicious, oppressive or in reckless disregard of the Plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the Plaintiff. Conduct is in reckless disregard of the Plaintiff's rights if, under the circumstances, it reflects complete indifference to the Plaintiff's safety or rights, or if the Defendant acts in the face of a perceived risk that its actions will violate the Plaintiff's rights under federal law. An act or omission is oppressive if the Defendant injures or damages or otherwise violates the rights of the Plaintiff with unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by the taking advantage of some weakness or disability or misfortune of the Plaintiff.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party. In considering the amount of any punitive damages, consider the degree of reprehensibility of the Defendant's conduct, including whether the conduct that harmed the Plaintiff was particularly reprehensible because it also caused actual harm or posed a substantial risk of harm to people who are not parties to this case. You may not, however, set the amount of any punitive damages in order to punish the Defendant for harm to anyone other than the Plaintiff in this case.

In addition, you may consider the relationship of any award of punitive damages to any actual harm inflicted on the Plaintiff.

Punitive damages may not be awarded against the City of Antioch.  Punitive damages may be awarded even if you award Plaintiffs only nominal, and not compensatory, damages.

**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**JURY INSTRUCTION NO. 37.**

**NOMINAL DAMAGES**

The law which applies to this case authorizes an award of nominal damages.  If you find for the Plaintiff but you find that the Plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages.  Nominal damages may not exceed one dollar.

**United States District Court**

For the Northern District of California

**JURY INSTRUCTION NO. 38.**

**DUTY TO DELIBERATE**

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**JURY INSTRUCTION NO. 39.**

**COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

**JURY INSTRUCTION NO. 40.**

**RETURN OF VERDICT**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.