UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ONITA TUGGLES,

       Plaintiff(s),

  v.

CITY OF ANTIOCH, ET AL.,

       Defendant(s).
_____/

Case No. C08-01914 JCS

**ORDER GRANTING PLAINTIFF'S MOTION TO OBTAIN TRIAL TRANSCRIPTS AT GOVERNMENT EXPENSE**

**[Docket No. 208]**

## I. INTRODUCTION

Plaintiff Onita Tuggles has filed a Notice of Appeal of the Judgment entered in this Court after a jury trial in the above-captioned matter. *See* Docket No. 204. The Court has granted Plaintiff's request to proceed in forma pauperis on appeal. *See* Docket No. 212. Plaintiff brings the present motion to obtain the pertinent motion hearing and trial transcripts at government expense. For the reasons stated below, the request is GRANTED.

## II. DISCUSSION

### A. Legal Standard

A litigant who has been granted leave to proceed in forma pauperis on appeal may move to have transcripts produced at government expense. *See* 28 U.S.C. § 753(f); *McKinney v. Anderson*, 924 F.2d 1500, 1511-12 (9th Cir. 1991) (production of transcript at government expense for in forma pauperis appellant in civil case proper if trial judge certifies "that the appeal is not frivolous and presents a substantial question"), *overruled on other grounds by Heller v. McKinney*, 502 U.S. 903, 112 S.Ct. 291, 116 L.Ed.2d 236 (1991). There are two statutes to consider in connection with such a request. *See e.g., Morgan v. Doran*, 2007 WL 1080580, *1-2 (April 4, 2007, E.D.Cal.). First, 28

U.S.C. § 1915(c) defines the limited circumstances under which the court can direct the government to pay for transcripts for a litigant proceeding in forma pauperis.

> (c) Upon the filing of an affidavit in accordance with subsections (a) and (b) and the prepayment of any partial filing fee as may be required under subsection (b), the court may direct payment by the United States of the expenses of (1) printing the record on appeal in any civil or criminal case, if such printing is required by the appellate court.... Such expenses shall be paid when authorized by the Director of the Administrative Office of the United States Courts.

28 U.S.C. § 1915(c).

Second, 28 U.S.C. § 753(f) allows the court to order the government to pay for transcripts only if "the trial judge or a circuit judge certifies that the appeal is not frivolous and the transcript is needed to decide the issue presented by the suit or appeal." 28 U.S.C. § 753(f). A request for a transcript at government expense should not be granted unless the appeal presents a "substantial question." *Henderson v. United States*, 734 F.2d 483, 484 (9th Cir.1984). A substantial question exists where the issue before the court of appeals "is reasonably debatable." *Washburn v. Fagan*, 2007 WL 2043854, *2 (July 12, 2007, N.D. Cal.) (citations and internal quotations omitted). If there is any doubt as to the merits, the issue of providing a transcript at government expense should be resolved in favor of the appellant. *Id.*

### B.    Application of the Law to the Facts of the Case

In her Notice of Appeal, Plaintiff appeals this Court's October 2, 2009 Order granting in part Defendants' motion for summary judgment. Docket No. 204. Plaintiff also appeals several of the Court's pretrial evidentiary rulings, including the exclusion of certain testimony at trial and denying a jury instruction requested by Plaintiff that Section 8 housing assistance voucher program payments constituted a source of income under Section 12955 of the California Government Code. Based on issues identified in the Plaintiff's notice of appeal, the Court finds that the appeal presents a substantial question, *i.e.*, the issues before the court are "reasonably debatable." *Washburn v. Fagan, supra* at *2. The request for transcripts at government expense is therefore GRANTED.

### III. CONCLUSION

For the foregoing reasons, the Plaintiff's request to obtain transcripts at government expense is GRANTED.

IT IS SO ORDERED.

Dated: October 8, 2010

_____
JOSEPH C. SPERO
United States Magistrate Judge